DONOHUE and others, Appellants, vs. VILLAGE OF FOX POINT, Respondent.*

*February 4—March 5, 1957.*

---

* Motion for rehearing denied, with $25 costs, on May 7, 1957.

For the appellants there was a brief by *Eisenberg &
Kletzke* of Milwaukee, and oral argument by *Sydney M.
Eisenberg.*

For the respondent there was a brief and oral argument
by *Fraley N. Weidner,* village attorney.

BROADFOOT, J. Upon this appeal three issues are pre-
sented. The first matter to be determined is whether or

not the Donohue proceedings were valid. From the finding of the trial court and from the record it appears that Donohue posted eight notices of intention to circulate annexation petitions on November 19, 1954. It was discovered that one of said notices was posted in the village of Fox Point rather than in the town of Milwaukee. Thereafter, and on November 22, 1954, plaintiff Freyer posted two additional notices thereof in the town of Milwaukee.

Both proceedings contemplated annexation to a village. Sec. 61.185, Stats., provides that sec. 62.07, covering annexation procedure to cities shall govern in the case of villages. By sec. 62.07 the first statutory requirement is that a notice of intention to circulate an annexation petition be posted in at least eight public places in the town in which the area proposed to be annexed is located. Thereafter the petition for annexation is to be circulated. Such petition shall not be valid unless at least ten days and not more than twenty days before the same is caused to be circulated the notices are so posted. A further requirement is that the notice be published in a newspaper of general circulation within the county at least ten days prior to the time such petition is caused to be circulated.

The Donohue notice was published on December 2, 1954. The first signature upon the Donohue petition was that of Donohue himself and it bears December 16, 1954, as the date of signing. The trial court found that the Donohue petition for annexation to the village of River Hills was first circulated December 16, 1954. If correct, that finding determines the first issue. Whether the time within which the annexation petition had to be circulated was calculated from November 19th or November 22d is immaterial. If the Donohue petition was first caused to be circulated on December 16, 1954, then in either event it was more than twenty days after the posting of such notices. The plaintiffs challenge said finding upon this appeal.

The plaintiff Donohue was not consistent in his statements upon this point. At an adverse examination held on May 24, 1955, Donohue testified that he obtained the first signature on the petition for annexation to River Hills on November 20th. At a continuation of said adverse examination, in answer to a question as to when he circulated the petition, he said the document speaks for itself, and that the first signature thereon was his own under date of December 16th. Each side moved for summary judgment in July, 1955. In an affidavit in support of plaintiffs' motion for summary judgment, Donohue stated that he first circulated the petition "on or about December 12, 1954." Upon the trial Donohue testified that circulation of his petition commenced December 12th and that one Tyczinski had the petition first. Again he testified that Tyczinski got it after he, Donohue, had signed it. It appears from the petition itself that the second signature upon the petition is that of Tyczinski, which was dated January 6, 1955. The trial court, in its memorandum decision, reviewed this conflicting testimony and then held that the Donohue petition was first circulated on December 16, 1954. Tyczinski was not called as a witness upon the trial. Because of the conflict in the testimony we cannot say that the finding of the trial court is against the great weight and clear preponderance of the evidence. On the other hand, it appears that said finding is fully supported by the record. There was no compliance with the statute, therefore, because of the late date on which the Donohue petition was caused to be first circulated.

The plaintiffs next attack the Nolte proceedings on the ground that the territory annexed to the village of Fox Point was not contiguous. Prior to these proceedings the territory comprising the town of Milwaukee had largely been absorbed by incorporation and annexation proceedings, until in November, 1954, all that remained of the town of Milwaukee was an area of approximately 90 acres. This territory con-

sisted of something in excess of 40 acres to the north and a tract of approximately the same size to the south which were connected by a narrow corridor. Donohue lived in the northern section. The village of Fox Point bordered upon this entire area on the east. On the west the remainder of the town of Milwaukee was bordered by the village of River Hills and the city of Glendale. The plaintiffs argue about the shape of the remaining area of the town of Milwaukee and contend that because the two larger portions are connected by a narrow corridor the entire area is not contiguous. Sec. 62.07, Stats., provides only that territory "adjacent" to any city may be annexed to such city. From the exhibits in the record it is apparent that the boundaries of the village of Fox Point are adjacent to the entire tract that it annexed. The peculiar shape of the land remaining in the town of Milwaukee was due to other proceedings by way of incorporation and annexation. We can find no merit in the second question raised by the plaintiffs.

The third issue raised is one advanced by the defendant, which claims that the Donohue proceedings were not started in good faith or conducted and completed within a reasonable time. The petition had not been filed with the village of River Hills at the time of the trial. The trial court found it unnecessary to determine this issue, and we so find.

So far as the record shows, the Nolte proceedings were valid and the area in question has been properly annexed to the village of Fox Point. The Donohue proceedings were invalid because of the finding that the petition was first caused to be circulated on December 16, 1954.

*By the Court.*—Judgment affirmed.