Town of Madison and another, Appellants, v. City of Madison, Respondent.

*November 4—November 29, 1960.*

101

102

For the appellants there was a brief by *John G. Gerlach* of Madison, for the town of Madison, *Paul C. Gartzke* of Madison, special counsel for the town of Madison, and *Richard E. Gordon* of Madison, for the town of Fitchburg, and oral argument by *Mr. Gerlach* and *Mr. Gartzke.*

For the respondent there was a brief by *Harold E. Hanson,* city attorney, and *Orr, Isaksen, Werner & Lathrop,* special counsel, and oral argument by *Mr. Trayton L. Lathrop, Mr. Leon E. Isaksen,* and *Mr. Hanson.*

HALLOWS, J. At the time of the oral arguments, the respondents moved to dismiss the appeal on the ground that no notice of appeal had been served on two plaintiffs, the Clack Building Corporation and James C. Vitale. Sec. 274.11 (1), Stats. 1959, provides:

"An appeal is taken by serving a notice of appeal . . . On appeals from a judgment the appellant shall serve the notice of appeal upon all parties bound by the judgment who have appeared in the action."

The appellants have furnished affidavits of these parties to the effect that they did not appeal because their interests would be protected by the appellants and they waived service of the notice of appeal and submitted to the jurisdiction of the court. Under sec. 274.11 (4), Stats. 1959, which was created by ch. 189, Laws of 1959, the supreme court has jurisdiction over the subject matter of an appeal from the time of the entry of an appealable order or judgment, and

the procedural requirements of the section relate only to the court's jurisdiction of the parties to the appeal. The consent of these parties to be bound and their waiver of the service of the notice of appeal are sufficient to give this court personal jurisdiction of them. In addition, the respondent's motion to dismiss was not made until after it had served its reply brief. The respondent has waived its objection by such participation in the proceedings in this court. Sec. 269.51 (1), Stats. 1959; *Estate of White* (1950), 256 Wis. 467, 41 N. W. (2d) 776.

The appellants contend the annexation is invalid for three reasons: 1. City-owned lands cannot be used to compel annexation of privately owned lands; 2. the city cannot adopt an annexation ordinance before notifying the town clerk that the petition is not rejected; 3. the notice of intent to circulate an annexation petition must expressly state the name of the municipality to which annexation is proposed.

In support of the first ground of attack, the appellants argue the legislature did not intend a city could join in a petition to annex to the city territory which included land it owned. If the city's 177 acres cannot be counted in determining the sufficiency of the annexation petition, it is insufficient because the signers did not then own one half of the area in the territory sought to be annexed as required by sec. 66.021 (2) (a), Stats. The legislature did not intend by the creation of sec. 66.025 in 1925, which provides that land owned by and lying near but not necessarily contiguous to a city may be annexed thereto by ordinance, that a city cannot annex under the general annexation statutes. Sec. 66.025 provides a direct method of annexation without any notice or referendum, but is not the equivalent in result of annexation under the general statutes. If the direct method is used, the use of the annexed territory is restricted and shall not be in violation of any town or county zoning

regulation. In this case it was undesirable for the city of Madison to have its land under such restrictions. Sec. 66.025 is not an exclusive method of annexation. Its express language provides it is in addition to other methods provided by law. No implication arises from the existence of this section which would prevent a city from participating as a property owner in an attempt to annex land to the city under the general annexation procedure.

Sec. 66.021 (1) (a), Stats., defining who may be an owner to sign a petition for annexation, provides an owner means the holder of record. This section contains no limitation or exclusion of a municipality. None of the prior sections of the annexation statutes defining owner included any such limitation. We have held under these prior sections that land owned by one municipality could be included within the territory annexed to another municipality and such municipality counted as an owner. *Mueller v. Milwaukee* (1949), 254 Wis. 625, 37 N. W. (2d) 464; *Town of Madison v. City of Madison* (1955), 269 Wis. 609, 70 N. W. (2d) 249. Although these cases did not pass on the precise point of whether a city could include its own land in a petition to itself, they do hold that an owner under sec. 66.021 (1) (a) may be a municipality.

It is true in the instant case if the city is counted as an owner it is in effect and to some extent petitioning itself. The petition was signed by three other owners besides the city, but because the city owns over one half of the uninhabited area proposed to be annexed the inevitable result is the city controls the annexation and can enforce the annexation against the wishes of the minority private landowners. However, if only privately owned property can be considered, an injustice could be worked upon the city in circumstances such as exist here where sec. 66.025, Stats., is not an adequate method of annexation by the city. While there may

be a hardship on the owners of the land which lies between the city land proposed to be annexed and the city boundary, the language of the statutes impels the conclusion that both the publicly and privately owned uninhabited territory sought to be annexed by the city of Madison as one contiguous tract must be considered in determining the sufficiency of the petition. A similar result was reached in *Shepherd v. Board of Supervisors* (1934), 137 Cal. App. 421, 30 Pac. (2d) 578.

The appellants argue that since 1899 when the first statutory plan for annexation was enacted, the law has always required the consent of the majority of those whose land was proposed to be annexed. If the land here sought to be annexed were inhabited, there is no doubt that on a referendum the majority of the electors owning less than one half of such area could defeat the annexation if they so desired. However, there are no electors in the area. This is not the fault of the statutes. In determining the legislative intent when sec. 66.021 was enacted in 1957, some significance must be given to the fact that the *Mueller* and *Town of Madison* decisions pointed out that the existing annexation statutes made no exception as to the type of territory which may be annexed or barred petitions by governmental bodies. *Blooming Grove v. Madison* (1958), 4 Wis. (2d) 447, 90 N. W. (2d) 573. We do not find in the language of the statutes or in their legislative history the intent contended by the appellants.

*Atlanta v. Smith* (1896), 99 Ga. 462, 27 S. E. 696, relied on by the appellants, is not in point. The question there involved was whether the city was a "person" under the statute. It was held the city was not because special assessments would have to be levied upon city property as well as private property if the city were to be counted to determine the sufficiency of the petition. The court therefore found a

basis in the statutes for excluding the city from the meaning of the word "person." On the other hand, in determining whether a petition for paving a street was valid on its face, *Kansas City v. Gray* (1900), 62 Kan. 198, 61 Pac. 746, held that the city was a resident owner which could sign the petition.

The next question is whether the city can adopt an annexation ordinance before notifying the town clerk of the nonrejection of the petition for direct annexation. It is argued that a prior notice is necessary if there is to be sufficient time after the referendum and prior to the expiration of the sixty-day limitation period provided in sec. 66.021 (10) (a), Stats., to bring an action to contest the annexation. A distinction must be made between a petition for direct annexation and a petition for a referendum on annexation. Sec. 66.021 (5) (a) provides that within thirty days after the filing of the petition the common council or village board may reject it. This applies to both types of petitions. If the petition is not rejected, the notice thereof must be given to the clerk of the town from which the territory is proposed to be detached. In the instant case the common council adopted an annexation ordinance the same day the petition for direct annexation was filed. The adoption of the annexation ordinance was and constituted a nonrejection of the petition. Certainly the petition was not rejected. Such nonrejection required a notice thereof be given. This was done.

In direct annexation proceedings a city is not required to give a notice of the nonrejection of the petition and then wait thirty days to see if a petition requesting a referendum is going to be filed before it can adopt an annexation ordinance. If the appellants' argument was followed to its logical conclusion, the city could not adopt an ordinance until after the referendum was held if one was requested. But this

would lead to an untenable result. The city has thirty days within which to decide to reject the petition. The statute provides an additional thirty days within which a petition requesting a referendum may be filed. Sixty days would therefore elapse before the city would know a referendum was to be held. If no referendum was requested, it would then be too late for the city to adopt the ordinance because sixty days would have elapsed after the filing of the petition for direct annexation as required by sec. 66.021 (7) (a), Stats.

The appellants argue, however, that the giving of the notice of nonrejection prior to the adoption of the ordinance is necessary if there is to be enough time after the referendum and prior to the expiration of the sixty-day limitation to bring an action to contest the annexation on the ground the referendum was unfavorable to annexation. We believe the trial court was right in holding that if a referendum, which was against the annexation, were held after the expiration of sixty days from the date of the passage of the annexation ordinance, all prior annexation proceedings, including the annexation ordinance, would be nullified by sec. 66.021 (5) (g), Stats., which provides, "If the result of the referendum is against annexation, all previous proceedings shall be nullified." Sec. 66.021 (10) (a), providing no action may be commenced after sixty days from the effective date of any annexation to test its validity, does not prevent sec. 66.021 (5) (g) from being operative. The two sections deal with different matters, and sec. 66.021 (5) (g) is not qualified by the sixty-day limitation of sec. 66.021 (10) (a). An action to determine the effect of the referendum would not be barred by sec. 66.021 (10) (a). We hold the time when an annexation ordinance may be adopted is controlled solely by sec. 66.021 (7) (a) which provides the adoption must be within sixty days after the filing of the petition for annexation or of the referendum election.

This construction harmonizes the various sections of the statute. The appellants' construction does not.

It is to be noted that ch. 431, Laws of 1959, enlarged the time from thirty to sixty days within which a petition may be accepted or rejected, and provided that acceptance may consist of adoption of an annexation ordinance. Sec. 66.021 (5) (a), Stats. 1959.

The last contention of the appellants is that the notice of intention to circulate an annexation petition must expressly state the name of the municipality to which the annexation is proposed. Sec. 66.021 (3) (a) 3, Stats., requires the notice to contain the name of the city or village to which the annexation is proposed. It is argued that because the annexation proceeding is statutory, it requires strict compliance. This rule is undoubtedly true, and it was so held in *Town of Madison v. City of Madison, supra.* The question here is not one of strict compliance with the statute so much as it is of the construction of the notice. The purpose of the notice to circulate a petition for annexation is to advise those interested of such intention. The notice stated the city of Madison would cause a petition to be circulated for the purpose of annexing certain lands located in the appellant towns. The description plainly showed the land bordered the city limits of Madison and no other village or city. The city of Madison was the sole signer of the notice. A fair reading of the notice would convey to a reasonable person that the annexation was to be by the city of Madison. It was stipulated no one was misled by the wording of the notice and everyone knew that the annexation referred to in the notice was proposed to be to the city. The purpose of the notice was attained and therefore was sufficient. *Greenfield v. Milwaukee* (1956), 272 Wis. 388, 75 N. W. (2d) 434.

*By the Court.*—Judgment affirmed.