Town of Fond du Lac and others, Appellants, v. City of
Fond du Lac, Respondent.    [Case No. 214.]*

*January 10—February 12, 1964.*

---

* Motion for rehearing denied, with $25 costs, on March 31, 1964.

534

536

For the appellants there were briefs by *St. Peter & Hauer*, attorneys, and *George M. St. Peter* of counsel, all of Fond du Lac, for the town of Fond du Lac; by *Foley, Sammond & Lardner*, attorneys, and *Marvin E. Klitsner* and *Gilbert W. Church* of counsel, all of Milwaukee, for the Kiekhaefer Corporation; and by *Whyte, Hirschboeck, Minahan, Hard-*

*ing & Harland,* attorneys, and *Roger C. Minahan* and *Edward D. Cleveland* of counsel, all of Milwaukee, for the International Paper Company, and oral argument by *Mr. Klitsner, Mr. Church, Mr. Cleveland,* and *Mr. George M. St. Peter.*

For the respondent there was a brief and oral argument by *Henry B. Buslee,* city attorney.

HALLOWS, J. The plaintiffs raise four questions on this appeal: (I) Is the annexation void because of the manner in which the signatures of the majority of the electors on the petition were secured by the city? (II) is the annexation void because an island of town territory was created within the city in order to prevent the electors residing therein from participating in the annexation proceeding? (III) was the city a qualified owner entitled to sign the annexation petition? and (IV) can a city initiate an annexation proceeding under sec. 66.021, Stats.? Territory contiguous to a city may be annexed thereto by direct annexation. A petition filed with the city signed by a majority of the electors residing in such territory and the owners of one half of the land in area within such territory meets the requirements of sec. 66.021 (2) (a). The annexation was completed by the defendant's adoption of the annexation ordinance on July 27, 1961. Sec. 66.021 (7) (d).

I. *Is the annexation void because of the manner in which the signatures of the majority of the electors on the petition were secured by the city?*

The plaintiffs argue the city directly used economic pressure in promoting the annexation by agreeing to give a year's free rent to the Haensgens and by threatening the Zimphers with eviction, and indirectly by the oral agreement with the Waldschmidts from whom the city had purchased most of its land to obtain the signatures of their tenants, the remaining three electors. The city justifies its activities on

the theory, "It may do as it wishes with property as is the case with any other property owner" and may use persuasion to obtain favorable consideration of its position.

The signing of a petition for annexation is more than the exercise of a private right or of a property right. The right of an elector to participate in an annexation proceeding partakes of the nature of a political right "analogous to voting upon the question" and therefore must be the elector's "individual act . . . discharging his duty in shaping and influencing this particular affair of government." *DeBauche v. Green Bay* (1938), 227 Wis. 148, 153, 154, 277 N. W. 147. In that case we held an elector could not delegate the signing of a petition although the signing was done by another on his behalf and in his presence. We pointed out in *Scott v. Merrill* (1962), 16 Wis. (2d) 91, 113 N. W. (2d) 846, that many aspects of annexation are political and subject to political pressures of conflicting interests especially in the signing of the annexation petition and in the voting of the city council. But that is not to say political pressures are without limitations. The signing of an annexation petition, like voting, constituting participation in a governmental process is governed by a higher standard of conduct than prevails in the marketplace—votes are not a commodity of commerce. *Brown Deer v. Milwaukee* (1957), 2 Wis. (2d) 441, 86 N. W. (2d) 487.

A campaign period is anticipated by sec. 66.021 (4), Stats., which limits the commencement of the circulation of the petition to a period not less than ten days nor more than twenty days after the date of publication of the notice of intention to circulate and requires the petition to be filed within six months of the date of publication. Discussion and debate on an issue by the electors is part of the democratic process, but the use of economic pressure by the defendant city interested in the outcome of the annexation to obtain favorable signatures of the necessary electors in this case is

a shocking disregard of the political process of government. The city's action was the equivalent of buying votes and improper. This is true regardless of whether such bargaining took place before the so-called campaign period or during it.

The action of the city cannot be justified on the ground of a property right or the freedom to use one's property as he wishes. No property owner, city, or individual, possesses any right to induce by contract or threat an elector to vote a particular way or to sign an annexation petition because of special economic consideration unrelated to the political issue involved. This is not to say one cannot persuade an elector to vote in favor of his general interest in the outcome of a political issue. In the former case the extraneous outside factor defiles the integrity of the political act and destroys its validity. In the latter case, the pre-existing self-interest is a legitimate motivation for one's act. The four signatures of the city's tenants, the Haensgens and Zimphers, are invalid. It is conceded without these the petition fails for want of signatures of the majority of the electors.

II. *Is the annexation void because an island of town territory was created within the city in order to prevent the electors residing therein from participating in the annexation proceeding?*

It is undisputed the boundary line of the annexed area was drawn so as to create an island 300 by 130 feet bounded on three sides by the annexed territory and on the north by the city's existing boundary and thus excluded the electors living therein. The city claims it is wholly within its discretion to "gerrymander" the boundary lines of the annexed territory, relying on *Madison v. Monona* (1960), 10 Wis. (2d) 32, 102 N. W. (2d) 206, and *In re Village of Oconomowoc Lake* (1959), 7 Wis. (2d) 400, 97 N. W. (2d) 189. In using the word "gerrymander" we did not mean to imply the discretion to determine the boundary lines of a city was wholly without limitations and could transcend into the

realm of arbitrary and capricious action. The creation of the island is not attempted to be justified on any use of extension of governmental services such as sewer and water mains, schools, police or fire protection, or of the unsuitability or adaptability of the land to the city's purpose or of the creating of an industrial area. Nor from the record could it be so justified.

This court has authority to review the annexation of territory to a city or village and apply the test of reason. This principle was first announced in *Smith v. Sherry* (1880), 50 Wis. 210, 6 N. W. 561, and applied to the question of suitability or adaptability of land to city uses and needs in *Wilson v. Sheboygan* (1939), 230 Wis. 483, 283 N. W. 312, and *Greenfield v. Milwaukee* (1956), 273 Wis. 484, 78 N. W. (2d) 909. The rule of reason applies to the exclusion of land consisting of an internal island as well as the inclusion of land by the external boundaries. The exclusion of land by the creation of an island within the city by the process of annexation must be as reasonably justified as the inclusion of the land around the island for city needs and purposes. A hole in a doughnut is natural but it must be proved so in a city.

The question is not whether the city can have only one continuous boundary line but whether the proposed boundary lines are reasonable in the sense they were not fixed arbitrarily, capriciously, or in the abuse of discretion. This question in relation to the creation of an island was not present in *Blooming Grove v. Madison* (1957), 275 Wis. 342, 81 N. W. (2d) 721. In that case an island was created within the city of Madison by excluding a town park. The annexation was unsuccessfully attacked on the ground a town as a matter of law could not be divided by annexation into noncontiguous parts. The issue of the reasonableness or unreasonableness of excluding the town park from the annexed territory was not in issue.

In the case at bar the exclusion of the small island from Kiekhaefer's property which contained two residences was solely to preclude the electors living therein from participating in the annexation proceeding. Such reason is not justifiable or germane to the purpose of the annexation to develop a future industrial area. Creating an island within the city solely for the purpose of assuring the success of the annexation was an arbitrary and capricious action and an abuse of discretion and invalidates the annexation.

III. *Was the city a qualified owner entitled to sign the annexation petition?*

We have held a city is an owner within the meaning of sec. 66.021 (1) (a), Stats., and may sign a petition for direct annexation of territory to itself under sec. 66.021. *Town of Madison v. City of Madison* (1960), 12 Wis. (2d) 100, 106 N. W. (2d) 264. Plaintiffs do not challenge the city's record title but do contend the city is not a qualified owner as required by sec. 66.021 (6). This section provides the qualifications of electors and owners for the purpose of the petition shall be determined as of the date of the filing of the petition. The section further provides, "Residence and ownership must be bona fide and not acquired for the purpose of defeating or invalidating the annexation proceedings." The statute is silent on the acquisition of land for the purpose of commencing or aiding an annexation proceeding.

The plaintiffs would have this court construe the words *"bona fide"* as prohibiting the acquisition of land for the purpose of furthering or supporting an annexation proceeding. The statute requires two elements, *bona fides* and the absence of the purpose of defeating the annexation proceeding by the acquisition of ownership or residence. *Bona fide* means the owner, defined in sec. 66.021 (1) (a), Stats., as the holder of record of an estate in possession in fee simple or of a lesser estate, is in fact what the record purports him to be. Many owners of record are not in fact owners. Form without substance does not meet the test of a qualified elector

or an owner under sec. 66.021. There is no question the city is in fact the owner of the property in the annexed area of which it is the record owner. The trial court correctly held the motives of the city in acquiring the property were irrelevant on the issue of *bona fides.*

IV. *Can a city initiate an annexation proceeding under sec. 66.021, Stats.?*

The annexation proceeding in *Town of Madison v. City of Madison* (1960), 12 Wis. (2d) 100, 106 N. W. (2d) 264, was commenced under sec. 66.021, Stats., prior to the enactment of sec. 66.024 by ch. 418, Laws of 1959, and the latter section was not considered. This section permits a city or village to initiate a proceeding to annex land contiguous thereto which contains electors by passing a resolution and making an application to the circuit court for an order for an annexation referendum. The application may be defeated by a petition filed in court and signed by a majority of the electors or by the owners of more than one half of the real property in assessed value in the territory.

The plaintiffs contend sec. 66.024, Stats., is the exclusive method by which a city or village may initiate an annexation proceeding and in effect overrules our holding in *Town of Madison v. City of Madison, supra.* We do not agree. In that case we also held that sec. 66.025 was not an exclusive method of annexation for a city partly because the section provided the method was "in addition to other methods provided by law," and partly because of its limited application to territory wholly owned by the city. Likewise, the introductory paragraph of sec. 66.024 states that the method therein provided is a "complete alternative to any other annexation procedure."

Secs. 66.021 and 66.024, Stats., are not mutually exclusive, but sec. 66.024 does permit a city to initiate an annexation proceeding when it is not the owner of any land if there are electors in the territory. But we cannot read an intent of the legislature into this section that a city can no longer

proceed under sec. 66.021 when it is an owner and qualified to sign a petition of annexation. We hold sec. 66.024 is not an exclusive method by which a city may institute annexation proceedings. A city may, if it is the owner of land, invoke the method provided by sec. 66.021.

*By the Court.*—The judgment is reversed, with instructions to enter a declaratory judgment adjudging the ordinance adopted by the city of Fond du Lac on July 27, 1961, annexing certain territory to the city of Fond du Lac from the town of Fond du Lac, void.

FAIRCHILD and WILKIE, JJ. (*concurring*). We concur in the result, but only on the ground that signatures were improperly obtained.