TOWN OF MT. PLEASANT, Appellant, v. CITY OF RACINE, Respondent.

*April 3—April 28, 1964.*

---

42

For the appellant there was a brief by *Benson, Butchart & Haley* of Racine, and oral argument by *Emery B. Benson.*

For the respondent there was a brief and oral argument by *Jack Harvey,* city attorney.

DIETERICH, J. The case was tried upon stipulated facts. The annexed property comprises an area of approximately 145 acres, almost all of which was devoted to agricultural purposes on the date the annexation ordinance· was passed. The map showing the boundaries of the annexed area was made a part of the plaintiff's complaint, and a copy of this map is reproduced in the opinion.

The property touches upon the Racine city limits only by a corridor approximately 1,705 feet long, and varying in width from approximately 306 feet to 152 feet. The corridor

is 153 feet wide where it touches the southwest corner of the Racine city limits, and also where it connects with the boundaries of the annexed area. At the time of the passage and approval of the annexation ordinance, there was no dedicated street in existence through the corridor—although such a street was established on March 18, 1963—and there were no other city streets giving access thereto. The main portion of the annexed property was platted for 328 residential lots with an expected future population of 1,148 persons. Prior to the annexation the town had entered into a contract with the city providing for sewage disposal, in the area and a sewerage system was under construction. The town had also received authorization from the public service commission to construct water public utility service to the area, with water supplied by the city. The town of Mt. Pleasant maintains a police force, is part of a school district, has street-grade ordinances, an agreement for fire protection with the city and an adjacent village, and all the usual incidents of municipal corporations.

The annexed area was a part of the town of Mt. Pleasant and lies wholly within three miles of the corporate limits of the city of Racine. Neither Racine county, which employs a full-time planner, nor the town, has ever approved the plat. Prior to the passage of the annexation ordinance, the Racine common council had received a report from the planning division of the Wisconsin department of resource development, which, among other things, found that the annexation was not against the public interest.

The trial court's findings of fact were that the corridor contains a full-width street; that the area within the corridor will contain or provide all of the necessary services to the entire annexed area; that the corridor provides a natural and practical connection whereby the area as a whole may be developed as an integral and homogeneous part of the city of Racine; and that the city has a need for additional residential

and shopping areas to provide for its expanding population. The trial court concluded that the statutory requirements for annexation were complied with; that the tract in question is contiguous to the city of Racine; and that the tract is reasonably suitable or adaptable to city uses and needs.

The major issue raised on the appeal is whether the annexation was void because the area proposed to be annexed is not contiguous to the city of Racine within the requirements of sec. 66.021 (2) (a) 2, Stats.[1] That section limits direct annexation to land "contiguous" to the annexing city or village.

The statement of agreed facts indicates that the 145-acre tract sought to be annexed touches upon the Racine city limits only by a 1,705-foot long corridor, varying in width from approximately 152 feet to approximately 306 feet.

There is a decided lack of Wisconsin authority on the question of the validity of "corridor" or "strip" annexations. There is, however, no lack of out-of-state authority holding such annexation void. See: *Clark v. Holt* (1951), 218 Ark. 504, 237 S. W. (2d) 483; *Potvin v. Chubbuck* (1955), 76 Idaho 453, 284 Pac. (2d) 414; *People v. Ihde* (1961), 23 Ill. (2d) 63, 177 N. E. (2d) 313; *State v. Kansas City* (1950), 169 Kan. 702, 222 Pac. (2d) 714; *State ex rel. Danielson v. Mound* (1951), 234 Minn. 531, 48 N. W. (2d) 855.

This court has authority to review the annexation of territory to a city or village, and apply "the test of reason," which test is applicable to the inclusion, as well as the exclusion of land by internal or external boundaries. *Town of Fond du*

---

[1] "(2) *Methods of annexation.* Territory contiguous to any city or village may be annexed thereto in the following ways:

"(a) Direct annexation. A petition for direct annexation may be filed with the city or village clerk signed by: . . .

"2. If no electors reside in such territory, by a. the owners of one-half of the land in area within such territory, or b. the owners of one-half of the real property in assessed value within such territory."

*Lac v. City of Fond du Lac* (1964), 22 Wis. (2d) 533, 126 N. W. (2d) 201. This court in the *Fond du Lac Case* made it clear that the discretionary power to a city to determine its own boundaries is not wholly without limitations. The question is not whether a city can have only one continuous boundary line, but whether the proposed boundary lines are reasonable in the sense that they were not fixed arbitrarily, capriciously, or in the abuse of discretion. The precise holding of the *Fond du Lac Case* is not directly in point, for there it was held that a city could not, by annexation, create a small "island" bounded on three sides by the annexed territory, and on the fourth by the city's existing boundary. However, the principles involved and stated in the *Fond du Lac Case* for determination of the validity of proposed annexations are binding.

The legal as well as the popular idea of a municipal corporation in this country, is that of oneness—a collective body, not several bodies. So, as to territorial extent, the idea of a city is one of unity, and not of plurality; of compactness or contiguity; not separation or segregation. *In re Village of Oconomowoc Lake* (1959), 7 Wis. (2d) 400, 403, 97 N. W. (2d) 189. See 37 Am. Jur., Municipal Corporations, p. 644, sec. 27; 62 C. J. S., Municipal Corporations, p. 87, sec. 9 b.

Shoestring or gerrymander annexation is not a rare phenomenon. The tendency of subdividers to reach far out into the countryside for vacant land, and their desire to attach it to the city of services, is natural; however, this can lead to annexations which in reality are no more than isolated areas connected by means of a technical strip a few feet wide. Such a result does not coincide with legislative intent, and tends to create crazy-quilt boundaries which are difficult for both city and town to administer. See Cutler, Characteristics of Land Required for Incorporation or Expansion of a Municipality, 1958 Wisconsin Law Review, 6, 33.

A thorough review of the record, and application thereto of the rule of reason as set forth in the *Fond du Lac Case,* compels us to conclude that the annexation of the area in question does not meet the statutory requirement of contiguity. It follows that the judgment of the trial court declaring the proceedings valid must be reversed.

*By the Court.*—The judgment is reversed, and cause remanded with instructions to the trial court to enter judgment declaring the annexation ordinance adopted by the city of Racine on March 7, 1963, void and of no effect.

WILKIE, J. (*dissenting*). Annexation proceedings are purely statutory.[1] The only statutory requirement as to the contiguity of territory proposed to be annexed is set forth in sec. 66.021 (2), Stats., which reads as follows:

"*Methods of annexation.* Territory contiguous to any city or village may be annexed thereto in the following ways:"

There is no further statutory definition of what the term "contiguous" means.

The majority has engrafted onto the statute the additional requirement that a proposed annexation is subject to review under the "rule of reason" to determine whether the proposed boundary lines are "reasonable in the sense they were not fixed arbitrarily, capriciously, or in the abuse of discretion."[2]

I see no basis for superimposing this additional requirement. The statute merely requires that the property proposed to be annexed be "contiguous" to the annexing city or village. There is no requirement as to the extent or degree of contiguity. There is no statutory prohibition against a "corri-

---

[1] *Madison v. Blooming Grove* (1961), 14 Wis. (2d) 143, 109 N. W. (2d) 682; *Town of Madison v. City of Madison* (1960), 12 Wis. (2d) 100, 106 N. W. (2d) 264.

[2] *Town of Fond du Lac v. City of Fond du Lac* (1964), 22 Wis. (2d) 533, 541, 126 N. W. (2d) 201.

dor" or "strip" annexation. We have found no previous case in this state that defines the term "contiguous" as applied to municipal annexations. Decisions of this court dealing with school-district attachment proceedings have approved "strip" or "corridor" attachments.[3]

In the instant case the trial court found that the proposed annexed territory was contiguous to the city and that the requirements of the statute had been met. The record also shows that, prior to enactment of the annexation ordinance, the Racine common council had received a report from the planning division of the Wisconsin department of resource development, finding that the annexation was not against the public interest. This report was submitted pursuant to sec. 66.021 (11) (c) 1 and 2, Stats., which orders the planning division in part to consider whether the proposed territory to be annexed is "contiguous."

Under present laws cities or villages must consider proposed annexations as presented by petitioners on a "take it or leave it" basis. They may not initiate proposed annexations of territory that they consider should properly be annexed in the orderly development of the urban community. The procedure that is entirely laid out by statute has been evolved over many years by the legislature, which, in almost every biennium, is asked to give careful consideration to changes in these statutes. Especially in view of this legislative history, I do not think that this court should now attach this court-made modification of the requirement of "contiguity."

If the "rule of reason" is to be engrafted onto sec. 66.021 (2), Stats., in regard to whether or not the proposed annexed area is "contiguous," then certainly the trial court should have a chance to enter findings on whether the pro-

---

[3] *Joint School Dist. v. Sosalla* (1958), 3 Wis. (2d) 410, 88 N. W. (2d) 357; *State ex rel. Badtke v. School Board* (1957), 1 Wis. (2d) 208, 83 N. W. (2d) 724.

posed boundary lines were "reasonable in the sense that they were not fixed arbitrarily, capriciously, or in abuse of discretion."

I must respectfully take strong exception to the majority's conclusion that the proposed boundary lines were unreasonable as a matter of law. I would affirm.

I am authorized to state that Mr. Justice FAIRCHILD joins in this opinion.