TOWN OF LYONS, Respondent, v. CITY OF LAKE GENEVA, Appellant.*

*No. 65. Argued October 30, 1972.—Decided November 28, 1972.* (Also reported in 202 N. W. 2d 228.)

* Motion for rehearing denied, with costs, on January 30, 1973.

333

For the appellant there was a brief by *Braden & English* and *James L. English*, all of Lake Geneva, and oral argument by *James L. English*.

For the respondent there was a brief by *Lehman & Seymour* of Elkhorn, and oral argument by *Robert F. Lehman*.

HALLOWS, C. J.    The location of the annexed parcels is best visualized by reference to the following simplified reproduction of the town's Exhibit 1:

Simplified Reproduction of Plaintiff's Exhibit 1
For information and clarification only
(Not to Scale)

N

W —|— E

S

"R-3"

"P"-Peller property--
bounded on east by no-
access highway and on
all other sides by the
city of Lake Geneva

Highway 12, a nonaccess highway for properties involved.

Point "A" is the northwest
corner of section 31 from
which all measurements
referred to originate.

"G"
Parcels G & C bounded by the
City limits on 3 sides and a
no-access

"C"
highway on the east.

Turkey Farm Road

"A"

"B"

Point "B" is the westerly edge of
Turkey Farm Road which point is
2055.46 feet east of point "A".

"B-2"

"Golf Course & City Limits"

The title to the golf course starts at
point "A" and goes east 2058 feet
which only runs 2 1/2 feet into
Turkey Farm Road and does not
establish the City limits at the
center of the road.

"R"   "W"

The only access to Hy. 50 is a
right-of-way across Phillips 66
property which would be annexed
to the City.

The annexed parcels are marked "R-3" and "B-2" and were in the town and lie west of Highway 12, a nonaccess highway. The five parcels, P, G, C, R, and W, remain in the town. All of the west boundary and part of the south boundary of R-3 touch the city. Parcel B-2 is bounded on the north and west by Turkey Farm Road, which is approximately 49.5 feet wide. The city owns the property known as the golf course to the west of parcel B-2 and the trial court found, because no contrary intent was shown in the deed, the city owned the land to the center of Turkey Farm Road, which at that point runs north and south. The court also found the ownership of parcel B-2 ran to the center of the road from the east. However, the trial court found the city limits ran only to the westerly edge of Turkey Farm Road, or at the most two feet to the east thereof; and consequently, a gap existed between the eastern edge of the city limits and the western boundary of parcel B-2. Because parcel B-2 did not touch the city limits, the court concluded this parcel was not contiguous to the city as required by sec. 66.021 (2), Stats.[1]

The issue is raised whether the word "contiguous" in this section requires the boundary of the land to be annexed to be physically touching the boundary of the city when the city owns to the middle of a road which separates the properties. We hold parcel B-2 to be contiguous to the city. That the land must be contiguous to the annexing municipality is clear. Sec. 66.021 (2), Stats. *See also: Ash Realty Corp. v. Milwaukee* (1964), 25 Wis. 2d 169, 130 N. W. 2d 260; *Mt. Pleasant v. Racine* (1964), 24 Wis. 2d 41, 127 N. W. 2d 757; *Donohue v. Fox Point* (1957), 275 Wis. 182, 81

---

[1] "66.021 Annexation of territory. . .

"(2) METHODS OF ANNEXATION. Territory contiguous to any city or village may be annexed thereto in the following ways:

"(a) *Direct annexation.* A petition for direct annexation may be filed with the city or village clerk signed by: . . ."

N. W. 2d 521, certiorari denied, 355 U. S. 867, 78 Sup. Ct. 115, 2 L. Ed. 2d 74. However, "contiguous" does not always mean the land must be touching. "Contiguous" is defined in Black's, *Law Dictionary* (4th ed.), p. 391, as "In close proximity; near, though not in contact; neighboring; adjoining; near in succession; in actual close contact; touching; bounded or traversed by." Assuming parcel B–2 does not touch the city limits, as found by the trial court, the gap of some 23 feet is part of a public road owned by the city and for annexation purposes, parcel B–2 is close enough to the city limits to be contiguous. We think it is of some significance that the city limits and the private property to be annexed were separated by a public road. In *International Paper Co. v. Fond du Lac* (1971), 50 Wis. 2d 529, 184 N. W. 2d 834, this court held the ownership of streets could not be used to compute acreage in determining whether the owners of one half of the area of the land involved signed an annexation petition. Likewise, in this case a public road could not destroy the concept of "contiguous" regardless of ownership.

Prior decisions of this court are not to the contrary. In the *Mt. Pleasant Case,* we held land was not contiguous because only a small part of it touched the city. But there, the large parcel was connected to the city by a corridor 1,705 feet long and 152–306 feet in width —the parcel was hardly touching or nearby in spite of the corridor. In *Town of Waukechon v. Shawano* (1972), 53 Wis. 2d 593, 193 N. W. 2d 661, this court held that where the area proposed for annexation was rectangular and touched for its entire 575-foot width, the property was contiguous. In *Northern Pacific Ry. Co. v. Douglas County* (1911), 145 Wis. 288, 130 N. W. 246, in discussing a statute authorizing improvements of a street at the expense of abutting land or land adjacent thereto, we stated the word "contiguous" was properly sometimes

used to mean "touching on" or "bounded by" and some times and more properly to mean "near to but not touching."

In respect to parcel R–3, the trial court concluded it was an abuse of discretion to annex it. In *Smith v. Sherry* (1880), 50 Wis. 210, 6 N. W. 561, this court established the rule of reason to be applied in the review of annexation proceedings in addition to the statutory requirements. *Town of Fond du Lac v. City of Fond du Lac* (1964), 22 Wis. 2d 533, 126 N. W. 2d 201; *Mt. Pleasant v. Racine* (1964), 24 Wis. 2d 41, 45, 127 N. W. 2d 757. Under this rule, (1) exclusions and irregularities in boundary lines must not be the result of arbitrariness, (2) some reasonable present or demonstrable future need for the annexed property must be shown, and (3) no other factors must exist which would constitute an abuse of discretion. *See Town of Waukechon v. Shawano, supra; Elmwood Park v. Racine* (1966), 29 Wis. 2d 400, 139 N. W. 2d 66; *Town of Brookfield v. City of Brookfield* (1957), 274 Wis. 638, 80 N. W. 2d 800. The trial court held the boundaries of parcel R–3 were unreasonably drawn because parcels P, G, and C were left isolated. The reason the parcels were not included in the annexation was that the electors in these and the other excluded parcels did not want to be annexed to the city. They had been contacted prior to annexation and it was reasonable to infer they were excluded because of their opposition.

A municipality may not prepare a plan of annexation wherein the exclusions create an island solely for the purpose of insuring the success of the annexation. The drawing of such boundary lines was held to be arbitrary and capricious and an abuse of discretion. *Town of Fond du Lac v. City of Fond du Lac, supra.* But the city in the instant case did not draw the boundary lines. The annexation, as in the second *Mt. Pleasant*

*Case,*[2] was on a "take it" or "leave it" basis. The statutes in sec. 66.021 (12) contemplate such a situation by providing therein for direct annexation by a simplified procedure when all the electors and owners in the proposed territory to be annexed are unanimous. In such a case, the city can only consider the opposition of those outside the proposed annexation in relation to the merits of whether the annexation should take place. Where property owners initiate direct annexation, we do not think the municipality may be charged with arbitrary action in the drawing of the boundary lines. *Town of Waukechon v. Shawano, supra.*

The city showed a present need for the annexation. In passing upon this requirement, a court is to determine whether there is any reasonable need, not whether the court believes the annexation to be in the best interest of the parties. *City of Beloit v. Town of Beloit* (1970), 47 Wis. 2d 377, 177 N. W. 2d 361; *Town of Waukechon v. Shawano, supra.* The determination of whether an action is desirable, advisable, or in the public interest is a public-policy question for the legislative function to determine. *In re City of Beloit* (1968), 37 Wis. 2d 637, 155 N. W. 2d 633. There was testimony the city had a need for land which could be zoned for small businesses and for land which could be zoned residential. There was a shortage of housing for senior citizens and such housing could be built on the land annexed. There was no evidence to the contrary.

The trial court stressed the annexation was an abuse of discretion because the excluded areas could be serviced by the town only by traversing city roads to reach such town property. We do not think the fact the town must go through a city to reach another part of its town necessarily makes the annexation unreasonable.

---

[2] *Mt. Pleasant v. Racine* (1965), 28 Wis. 2d 519, 137 N. W. 2d 656.

There is no showing the town would be unable to reach the property or could be prevented from reaching its property.

An annexation ordinance is presumed to be valid and the presumption remains until overcome by proof produced by the party attacking it. *Greenfield v. Milwaukee* (1956), 272 Wis. 388, 75 N. W. 2d 434; *State ex rel. Madison v. Monona* (1960), 11 Wis. 2d 93, 104 N. W. 2d 158; *Mt. Pleasant v. Racine* (1965), 28 Wis. 2d 519, 524, 137 N. W. 2d 656. Besides, the director of local and regional planning received a notice of this annexation and did not object thereto. It is his duty to review such annexation to see if it is in the public interest. In the second *Mt. Pleasant Case,* this court noted the omission of the state director of planning to send a report stating the annexation is against public interest gave rise to a presumption the annexation was not. While the isolation of town property may not be desirable, yet such an isolation from other parts of the town is not prohibited or necessarily fatal to the annexation. *See: Town of Blooming Grove v. Madison* (1957), 275 Wis. 342, 81 N. W. 2d 721, and *dicta* in *Town of Fond du Lac v. City of Fond du Lac, supra,* and in *Mt. Pleasant v. Racine* (24 Wis. 2d at 46).

We conclude the city did not act arbitrarily or capriciously or abuse its discretion in adopting the annexation ordinance.

*By the Court.*—Judgment reversed.