STATE EX REL. MCCARTY, Respondent, vs. GANTTER, Mayor, and another, Appellants.

*March 10—June 1, 1942.*

550

551

552

H. F. *McAndrews* of Kaukauna, for the appellants.

For the respondent there were briefs by *Clifford, Dilweg & Grogan* of Green Bay, and oral argument by *G. F. Clifford*.

Briefs *amicus curiæ* were filed by *Robert J. Cunningham* of Janesville, counsel for the League of Wisconsin Municipalities.

MARTIN, J.   On April 3, 1928, the city of Kaukauna enacted ordinance No. 286 in accordance with sec. 62.13 (9) (e), Stats. 1927, granting pensions to disabled and retired policemen and their widows and minor children.   Sec. 5 of that ordinance, so far as material, provides:

"Any member of the police department of any such city after having served twenty-two years or more in such depart-

ment, may make application to the board of police and fire commissioners to be retired from such department, or, he may be retired by the said board of its own motion; in either of which cases the said board shall order and direct that such member be paid a monthly pension of a sum equal to one half of the monthly compensation allowed such member as a salary at the date of his retirement, or, if any member shall be discharged after serving twenty-two years or more, the said board shall order or direct that such person shall be paid a monthly pension equal to one half the monthly compensation allowed to such member as salary at the date of his discharge."

The ordinance set apart certain license fees to be retained by the treasurer of the city as a permanent police fund. It provided that there be deducted from the monthly pay of each member of the police department a sum equal to one per cent of such monthly pay; also, all moneys deducted for time lost by members of the department on account of sickness, all rewards earned or received by members of the department, and all moneys received from the sale of unclaimed property were to be placed in the pension fund. It further provides:

"For the purpose of providing the necessary funds with which to pay the pensions herein provided for, it shall be and there is hereby levied an annual tax against all the taxable property of Kaukauna, Wisconsin. A sum sufficient to pay any and all pensions allowed under the ordinance and the money so raised shall be set aside in a special fund known as the Police Pension Fund."

On or about May 12, 1936, the respondent, having served on the police force continuously for more than twenty-two years, and having fulfilled all obligations on his part in the way of contributions from his salary to the pension fund, made application to the board of police and fire commissioners for retirement and for allowance to him of the pension provided in the ordinance of April 3, 1928. His application for retirement and pension was granted and a pension equal to one half his salary as a police officer at the time of his retirement was paid him until the 15th day of February, 1941.

There was no amendment of the city ordinance during respondent's period of service as a police officer. The ordinance was amended on March 15, 1938, the effect of which was to increase the deduction from the monthly pay of each member of the police department to three per cent of their monthly pay instead of one per cent as originally provided; but the amendments made by said ordinance are not here material. The original ordinance was again amended by ordinance No. 386, adopted February 18, 1941, the material part of which is quoted in the preceding statement. Precisely, the issue here is whether respondent had a vested right as of February 15, 1941, under the original ordinance of which he could not be divested under the provisions of the amending ordinance adopted by the city council on February 18, 1941. There is also involved the question as to what effect, if any, ch. 496, Laws of 1939, has on the power of the city council of Kaukauna to amend the original ordinance and the ordinances amendatory thereof. It is our conclusion that ch. 496, Laws of 1939, has no bearing on the issue in this case.

The legislative history of that chapter is rather interesting and demonstrates the need of reform in the preparation of legislative measures. It makes it compulsory on cities of the second and third class to have a police pension fund. It provides that in cities of the fourth class having a population less than three thousand according to the last federal census the council may annually and from time to time provide by ordinance for the pensioning, out of the general fund or otherwise, of members of the police department who have served for a term of twenty years or more, and shall have reached the age of fifty-five years, or who shall be discharged or superannuated, and for the widows and orphans of deceased members. It makes no reference to cities of the fourth class having a population between three thousand and ten thousand, which would be applicable to the city of Kaukauna, it having a population of seven thousand three hundred eighty-six according to the census of 1940. It has been optional with all

cities of the fourth class in Wisconsin since 1917 to provide by ordinance for the pensioning, out of the general fund or otherwise, of members of the police department who have served for a term of twenty years or more, and shall have reached the age of fifty-five years.

Sec. 2 (c), ch. 496, Laws of 1939, provides that the provision of sub. (9) of sec. 62.13, Stats., shall apply only to members of the department regularly receiving compensation for their services, "and such member shall have a vested right in and to said pension fund so that no payments made thereto shall be diverted or used, temporarily or otherwise, for any purpose other than provided by this subsection."

While this is a legislative declaration that members of the police department shall have a vested right in pension funds, it is only applicable to cities of the second and third class and to cities of the fourth class having a population less than three thousand according to the last federal census. Why it was not made applicable to cities of the fourth class with a population between three thousand and ten thousand we do not know. No doubt, there are literally hundreds of retired police officers in cities of the fourth class having a population between three thousand and ten thousand, receiving pensions under city ordinances, who are equally entitled to a legislative declaration that they shall have a vested right in the pension fund. It is beyond the power of the court to legislate, and there is no provision in ch. 496, Laws of 1939, applicable to the city of Kaukauna which we can construe.

In the absence of contractual relations or a specific declaration by the legislative body creating a vested right in the police pension fund, the officer has no vested right therein; and the legislative body may repeal or amend an ordinance relating to pension rights and the pension fund. This court so held in *State ex rel. Risch v. Trustees,* 121 Wis. 44, 48, 98 N. W. 954. In that case, at page 48, the court said:

"The idea advanced by counsel is that, by the continuance of appellant's husband in the service of the city as a policeman

after the act of 1891 took effect, *contractual relations* with reference to the pension fund were created between him and the city or the pension board which could not be disturbed by any legislative enactment without violating his constitutional rights. We do not understand that there are any such relations between a municipality and its officers. In the absence of some constitutional limitation upon the right of the legislature to change such relations—and there is none in this state—they are wholly under legislative control."

In *Morrison v. Board of Education,* 237 Wis. 483, 487, 297 N. W. 383, quoting from *Dodge v. Board of Education,* 302 U. S. 74, 78, 58 Sup. Ct. 98, 82 L. Ed. 57, affirming 364 Ill. 547, 5 N. E. (2d) 84, the court said:

" 'The parties agree that a state may enter into contracts with citizens, the obligation of which the legislature cannot impair by subsequent enactment. They agree that legislation which merely declares a state policy, and directs a subordinate body to carry it into effect, is subject to revision or repeal in the discretion of the legislature. . . '.

" 'In determining whether a law tenders a contract to a citizen it is of first importance to examine the language of the statute. If it provides for the execution of a written contract on behalf of the state the case for an obligation binding upon the state is clear. Equally clear is the case where a statute confirms a settlement of disputed rights and defines its terms. On the other hand, an act merely fixing salaries of officers 'creates no contract in their favor and the compensation named may be altered at the will of the legislature. This is true also of an act fixing the term or tenure of a public officer or an employee of a state agency. *The presumption is that such a law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise.' "*

In *Dodge v. Board of Education, supra,* the appellants challenged an act passed by the Illinois legislature in 1935, which amended an act passed in 1926 known as the "Miller Law,"

relating to the retirement of school teachers. The 1926 act provided for compulsory retirement and that:

"Each person so retired from active service who served in the public schools of such city for twenty or more years prior to such retirement, shall be paid the sum of fifteen hundred dollars ($1,500) annually and for life from the date of such retirement from the money derived from the general tax levy for educational purposes. . . ." Smith-Hurd Stats. 1927, ch. 122, p. 2586, par. 614*a*.

The 1935 act amended the "Miller Law," requiring the board of education to retire teachers then in service who were sixty-five years of age or over and in the future to retire teachers as they attained that age. The amendment provides that each person so retired was to be paid $500 annually for life from the date of retirement. The supreme court of Illinois held that the 1935 amendment did not constitute an impairment of contract or interference with any vested right. The United States supreme court affirmed the judgment.

Referring to the distinction between contract relationship and that of a public officer, in *State ex rel. O'Neil v. Blied,* 188 Wis. 442, 446, 206 N. W. 213, the court said:

"The distinction between contract relationship and that of a public officer is pointed out in a case holding that an officer in the army or navy of the United States does not hold his office by contract but at the will of the sovereign power. *Crenshaw v. United States,* 134 U. S. 99, 10 Sup. Ct. 431. This vital distinction, therefore, between the contract of a teacher and the position of a public officer renders the decision in the case relied upon by respondents of *State ex rel. Risch v. Trustees,* 121 Wis. 44, 98 N. W. 954, entirely inapplicable. That case involved a claim of right by a widow to a pension fund created by the legislature for police officers. It expressly stated that there are no such contractual relations between a municipality and its officers that may come within the constitutional safeguards against legislative impairment."

In an annotation on vested right of pensioner to pension, 54 A. L. R. 943, it is said:

"The unquestioned rule is that a pension granted by the public authorities is not a contractual obligation, but a gratuitous allowance, in the continuance of which the pensioner has no vested right; and that a pension is accordingly terminable at the will of the grantor." Citing cases from many jurisdictions, including United States supreme court decisions and *State ex rel. Risch v. Trustees, supra.* The annotation is supplemented in 98 A. L. R. 505, and 112 A. L. R. 1009.

There are decisions to the contrary, but *State ex rel. Risch v. Trustees, supra,* states the majority rule. It appears that respondent was paid his pension monthly until the effective date of the ordinance of February 18, 1941, from which time that ordinance controls as to his pension rights. The demurrer to the return of the mayor and city clerk to the alternative writ of *mandamus* should have been overruled and the motion to quash denied.

*By the Court.*—Order reversed. Cause remanded with directions to enter an order overruling respondent's demurrer to the return of the mayor and city clerk of the city of Kaukauna to the alternative writ of *mandamus* issued herein on the 13th day of March, 1941, and for further proceedings according to law.