STATÉ EX REL. TILKENS, Appellant, vs. BOARD OF TRUSTEES
· OF FIREMEN'S PENSION FUND OF CITY OF GREEN BAY,
Respondent.

*September 16—October 12, 1948.*

For the appellant there was a brief by *Kaftan, Rahr & Kaftan* of Green Bay, and oral argument by *Fred F. Kaftan.*

*Clarence W. Nier,* corporation counsel of Green Bay, for the respondents.

FAIRCHILD, J. The decision in this case depends on the construction to be given sec. 62.13 (10) (e), Stats., particularly with reference to the phrase therein reading "sustain injury while not on duty."

In determining the meaning of any single phrase of a statute it is necessary to look at it in the light of the whole of the statute. · Sec. 62.13 (10) (e), Stats., provides that a member of the fire department shall be entitled to a pension, (1) if he "while engaged in the performance of duty . . . *be injured,* or *contract a disease* due to his occupation," or (2) if he "sustain *injury* while not on duty." If, as appellant contends, the legislature intended the word "injury" to include both results caused by disease and those caused by external violence or accident, then there would have been no need to include in the statute the phrase "disease due to his occupation."

' The words "injury" and "disease" are used together in such a manner that we conclude, as did the learned trial judge, that "injury" is to be understood in the sense of damage caused by some external violence as distinguished from damage caused by disease. This is the meaning commonly attributed to the phrase "sustain injury," sec. 370.01 (1), Stats.

However, appellant in claiming that "sustain injury while not on duty" as used in sec. 62.13 (10) (e), Stats., is broad

enough to include disability resulting from a condition due to congenital anomalies and arthritis, cites another part of that section for support. He points out that the provision for a pension if the fireman sustains injury while not on duty concludes with the words "excepting that no pension shall be paid where the disability or *disease* herein results from gross negligence or wilful misconduct." It may be that this use of the word "disease" makes the legislation ambiguous. If so the court may take judicial notice of the legislative history to determine the intent. *Polzin v. Wachtl* (1932), 209 Wis. 289, 245 N. W. 182; 2 Horack's Sutherland, Statutory Construction (3d ed.), p. 485, sec. 5003; *Richbourg Motor Co. v. United States,* 281 U. S. 528, 50 Sup. Ct. 385, 74 L. Ed. 1016. And the conclusion we reach is not without support in the legislative history.

Sec. 62.13 (10) (e), Stats., was last amended by ch. 290, Laws of 1943. The bill, No. 119, S., as originally introduced and referred to the committee on state and local government read "shall sustain injury while not on duty or contract a disease not due to his occupation." By amendment No. 1, S., to No. 119, S., the phrase "or contract a disease not due to his occupation" was stricken out. Evidently the word "disease" inadvertently remained at the end of the amended section although it had been used originally in connection with the deleted phrase "or contract a disease not due to his occupation." The legislative intent clearly seems to have been to exclude just such a situation as appellant is here contending is within the statute. It is well within the competency of the legislature to provide for a pension for injury sustained while not on duty and not for disease not due to the occupation. Because it was providing for one type of disability does not mean that it had to provide for all. There is nothing in the phrasing to warrant interpreting it as a plan for health insurance.

Appellant also relies on the case of *State ex rel. McManus v. Trustees* (1909), 138 Wis. 133, 119 N. W. 806, as authority for his interpretation of the meaning of "sustain injury." There this court held that pneumonia contracted because of

exposure while on duty was an injury within the wording of a statute which allowed a policeman's pension to the widow if her husband's death was caused by injury during the course of duty.

However, as respondent points out, there is a difference in the physical facts connected with the policeman's pneumonia in the *McManus Case* and petitioner's condition. The pneumonia was caused by exposure to the cold, by external violence. The condition of petitioner due to arthritis and congenital anomalies in his back is, according to the doctor's report, a "permanent condition," and not related to or caused by his employment.

*By the Court.*—Order affirmed.