TOWN OF HALLIE, Plaintiff-Respondent,

v.

CITY OF EAU CLAIRE, Defendant-Appellant.†

Court of Appeals

*No. 92–2394. Submitted on briefs March 30, 1993.—Decided April 20, 1993.*

(Also reported 501 N.W.2d 49.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Frederick W. Fischer,* city attorney of Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Timothy D. Fenner, Edith F. Merila* of *Axley Brynelson* of Madison.

On behalf of the League of Wisconsin Municipalities, an Amicus curiae brief was submitted by *Curtis A. Witynski* of Madison.

On behalf of the Wisconsin Towns Association, an amicus curiae brief was submitted by *Richard J. Stadelman* and *Thomas W. Harnisch* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   The city of Eau Claire appeals a circuit court judgment invalidating its annexation of a portion of the town of Hallie. The annexation plan was invalidated because it created a "functional town island," prohibited by sec. 66.021(15), Stats. Eau Claire argues that this court's previous opinion, *Town of Sheboygan v. City of Sheboygan,* 168 Wis. 2d 268, 483 N.W.2d 306 (Ct. App. 1992), that used the "functional

town island" concept, should be reconsidered, and, in the alternative, that the annexation in question does not create a "functional town island." We disagree and affirm the circuit court's judgment.

Eau Claire initiated a direct annexation in 1990 by a petition of property owners and electors, and enacted an ordinance annexing the territory in question. The annexation included territory of the town of Hallie lying to the northwest of U.S. Highway 53. *See* Appendix. Highway 53, a limited access highway, divides a remaining Hallie portion northwest of the highway from the remainder of the town. The subject annexation did not result in Eau Claire completely surrounding any part of the remaining town territory. However, the remaining town territory was bounded on three sides by Eau Claire and on the remaining side by a highway that could not be accessed. The town filed an action for declaratory judgment and other relief seeking a declaration that the annexation ordinance was invalid.

The circuit court found the remnant of the town territory to be "completely surrounded by the City with the exception of such portion thereof as is owned by the State of Wisconsin and designated as U.S. Highway 53." The court first issued a decision stating that the annexation did not result in the creation of a town island contrary to sec. 66.021(15), Stats. Thereafter, in the wake of a decision by this court in *Sheboygan*, the circuit court granted Hallie's motion for reconsideration, reversed its earlier decision and determined the annexation to be invalid because it created a "functional town island."

The sole appellate issue is one of statutory interpretation and is a question of law that we review de novo. *Id.* at 273, 483 N.W.2d at 308. The last sentence

of sec. 66.021(15), Stats., provides, "After December 2, 1973, no city or village may, by annexation, create a town area which is completely surrounded by the city or village." In *Sheboygan*, we determined this portion of sec. 66.021(15) to be ambiguous and looked to the legislative intent before finding that the statute invalidated an annexation that created a portion of the town of Sheboygan bounded on three sides by the city of Sheboygan and on its remaining side by Lake Michigan.

In *Sheboygan*, we stated:

> We are satisfied that the legislative intent of the portion of sec. 66.021(15), Stats., under consideration was to prohibit the creation of new town islands after the effective date of the statute. To permit the creation of a town island because one border was a natural or man-made barrier rather than an annexing city's corporate boundary would frustrate the legislative intent. This is contrary to the legislature's goal of prohibiting new town islands.

*Id.* at 276, 483 N.W.2d at 309. We noted that "[i]n reality . . . a town island is created; a portion of the town . . . is isolated from direct town services such as police, fire, snow removal, road repair and ambulance." *Id.* at 274, 483 N.W.2d at 308.

Eau Claire first argues that we should reconsider *Sheboygan*. *Sheboygan* concluded that sec. 66.021(15), Stats., was enacted in response to the supreme court's decision in *Town of Waukechon v. City of Shawano*, 53 Wis. 2d 593, 597, 193 N.W.2d 661, 663 (1972), a case that held a township may be divided into two or more parts by annexation. Eau Claire argues that *Sheboygan* erroneously interpreted the legislative history behind the statute, noting other case law, such as *Town*

*of Fond du Lac v. City of Fond du Lac*, 22 Wis. 2d 533, 126 N.W.2d 201 (1964); *Town of Mt. Pleasant v. City of Racine (Mt. Pleasant I)*, 24 Wis. 2d 41, 127 N.W.2d 757 (1964); *Town of Mt. Pleasant v. City of Racine (Mt. Pleasant II)*, 28 Wis. 2d 519, 137 N.W.2d 656 (1965); as well as 1971 Assembly Bill 64 (a version similar to sec. 66.021(15) that did not become law) and Assembly Amends. 6 and 7 to 1973 Senate Bill 9, which eventually became sec. 66.021(15). Eau Claire claims that sec. 66.021(15) was intended only to apply to creation of town islands encircled completely by the annexing entity and was not intended to apply to annexation that merely divided a town. Hallie counters by contending a senate amendment to 1973 Senate Bill 9, an amendment that was not adopted, shows that the *Sheboygan* analysis of the sec. 66.021(15) legislative history is correct. The amicus curiae, League of Wisconsin Municipalities, adds 1969 Senate Bill 554 and 1971 Senate Bill 35 to the fray.

Wisconsin courts have long looked to legislative history of ambiguous statutes when construing them. *See Strong v. Fromm Labs.*, 273 Wis. 159, 171, 77 N.W.2d 389, 395 (1956); *State ex rel. Tilkens v. Board of Trustees*, 253 Wis. 371, 374, 34 N.W.2d 248, 250 (1948); *State v. Maas*, 246 Wis. 159, 162-65, 16 N.W.2d 406, 407-08 (1944); *see also Kelley Co. v. Marquardt*, 172 Wis. 2d 234, 248, 493 N.W.2d 68, 74 (1992) (recent use of legislative history). However, the numerous arguments made by the parties to this litigation evidence the tenuous nature of legislative history analysis. Justice Scalia has repeatedly warned of over-reliance on legislative history. Recently, in *Conroy v. Aniskoff*, No. 91-1353, 1993 WL89113, slip op. at 5 (U.S. Me. Mar. 31, 1993) (Scalia, J. concurring), he wrote:

The greatest defect of legislative history is its illegitimacy. We are governed by laws, not by the intentions of legislators. As the Court said in 1844: "The law as it passed is the will of the majority of both houses, and the only mode in which that will is spoken is in the act itself. . . ." *Aldridge v. Williams*, 3 How. 9, 24 (emphasis added). But not the least of the defects of legislative history is its indeterminacy. If one were to search for an interpretive technique that, on the whole, was more likely to confuse than to clarify, one could hardly find a more promising candidate than legislative history. . . .

Judge Harold Leventhal used to describe the use of legislative history as the equivalent of entering a crowded cocktail party and looking over the heads of the guests for one's friends.

■■■

The many-varied arguments regarding the legislative history of sec. 66.021(15), Stats., by not only our court in *Sheboygan* and the city of Eau Claire, but also the town of Hallie and the able amici on both sides of this issue reinforce Justice Scalia's argument. However, to extend Judge Levanthal's metaphor, having given the room the once-over and "found our friends," it would be erroneous, not to mention fickle, to again peruse the crowd and re-choose. Therefore, we stand by our interpretation of sec. 66.021(15) in *Sheboygan* and follow it as the binding precedent that it is. *See* sec. 752.41(2), Stats.

■■■

Next, Eau Claire argues that much of *Sheboygan* is dicta. *Sheboygan* extended the meaning of sec. 66.021(15) to a prohibition of "functional town islands." These occur when either natural or man-made barriers, employed in conjunction with corporate boundaries, isolate a portion of the town. *Sheboygan,*

397

168 Wis. 2d at 276, 483 N.W.2d at 309. Eau Claire argues, in turn, that the operation of sec. 66.021(15), Stats., should be limited either (1) to instances where lakes, rivers and the political boundaries of the annexing entity result in a "town island," (2) to instances where natural borders and political boundaries of the annexing entity do so, or at least (3) to instances where natural borders, state and county lines, and political boundaries of the annexing entity do so.

No distinction of substance, however, exists between the situation before us, where a portion of the town is cut off by a no-access highway and the annexing municipality, and the situation in *Sheboygan*, where a portion of the town was cut off by Lake Michigan and the annexing municipality. The same factors are at work. A portion of the town is, for all practical purposes, cut off from the remainder of the town for direct town services. In order to provide town services, one must traverse through the annexing entity in order to go from one portion of the town to another. This is the rule of sec. 66.021(15), Stats., as established in *Sheboygan*. If the legislature does not agree with our interpretation of sec. 66.021(15), then it is of course free to clarify the statute.

*By the Court.*—Judgment affirmed.

NORTH

SCALE IN MILES

LEGEND

— · — INDICATES PRESENT EAU CLAIRTE CITY LIMITS LINE.

INDICATES LANDS PROPOSED TO BE ANNEXED TO THE CITY OF EAU CLAIRE.

P R O P O S E D   A N N E X A T I O

THESE LANDS BEING PART OF SEC. 35, T28N, R9W, AND SEC. 34, T28N, R9W, LOCATED IN THE TOWN OF HALLIE, CHIPPEWA COUNTY, WISCONSIN.

JAN. 19