WAGNER MOBIL, INC., Tom Showers, d/b/a McDonald's (Millpond Road), Town of Blooming Grove, a Wisconsin Town, and Blooming Grove Sanitary District No. 8, a Wisconsin Town Sanitary District, Plaintiffs-Respondents,

v.

CITY OF MADISON, Defendant-Appellant-Petitioner.

Supreme Court

*No. 93–0193. Oral argument November 29, 1994.—Decided February 28, 1995.*

(Also reported in 527 N.W.2d 301.)

For the defendant-appellant-petitioner the cause was argued by *James M. Voss,* assistant city attorney, with whom on the briefs was *Eunice Gibson,* city attorney.

For the plaintiffs-respondents there was a brief by *Richard K. Nordeng* and *Stafford, Rosenbaum, Rieser & Hansen,* Madison and oral argument by *Richard K. Nordeng.*

Amicus curiae was filed by *Curtis A. Witynski,* legal counsel, Madison for the League of Wisconsin Municipalities.

Amicus curiae was filed by *Richard J. Stadelman,* legal counsel, Shawano for the Wisconsin Towns Association.

Amicus curiae was filed by *Thomas M. Pyper, Gregory A. Fedders* and *Whyte, Hirschboeck, Dudek, S.C.,* Madison for the Wisconsin Realtors Association.

WILCOX, J.   This is a review of an unpublished decision of the court of appeals, which affirmed an order of the circuit court for Dane County, Moria Krue-

ger, circuit judge. The circuit court concluded that an annexation ordinance executed by the City of Madison violated legislative intent by creating a new town island in the Town of Blooming Grove, contrary to sec. 66.021(15), STATS. (1991–92).[1] The court of appeals affirmed. On review in this court, the parties ask us to interpret the meaning of the last sentence in sec. 66.021(15)—"[a]fter December 2, 1973, no city or village may, by annexation, create a town area which is completely surrounded by the city or village." We conclude that the sentence is unambiguous. It means that no city or village may annex land so that a town area is *completely surrounded by the annexing city or village.* Because the annexation ordinance in the present case did not create a town area completely surrounded by Madison in contravention of sec. 66.021(15), the decision of the court of appeals must be reversed.

The facts in this case are not in dispute. On June 16, 1992, the City of Madison annexed 187.5 acres of land from the Town of Blooming Grove. The circuit court noted that the annexation had the following effect: "The portion of Blooming Grove located south of the annexed area is surrounded on the north and west by the City of Madison, bordered by the Town of Cottage Grove to the east, the Village of McFarland to the southwest and the Town of Dunn to the south." The annexation is known as the Yahara Hills annexation because of its location near Yahara Hills Golf Course.

On June 24, 1992, two private businesses, the Town of Blooming Grove and the Blooming Grove sanitary district that serves the annexed area (collectively,

---

[1] Section 66.021(15), STATS. (1991–92), has been amended several times since this litigation was commenced. No amendment, however, altered the portion of the statute at issue in the present case.

Blooming Grove) brought suit against Madison, alleging a number of theories as to why the annexation was contrary to Wisconsin law.

On September 15, 1992, Blooming Grove filed a summary judgment motion requesting that the circuit court declare Madison's annexation ordinance invalid. The primary thrust of the motion was that the annexation ordinance violated sec. 66.021(15), STATS., as that statute was interpreted by the court of appeals in *Town of Sheboygan v. City of Sheboygan,* 168 Wis. 2d 268, 483 N.W.2d 306 (Ct. App. 1992). The circuit court granted Blooming Grove's motion, concluding that the annexation "created a functional town island in violation of § 66.021(15), STATS., and contrary to the Court of Appeals holding in *Town of Sheboygan v. City of Sheboygan,* 168 Wis. 2d 268 (Ct. App. 1992)." Madison appealed and the court of appeals affirmed. In its decision, the court stated that it was bound by *Town of Sheboygan* even though it believed the case to have been wrongly decided.[2] Madison petitioned for review in this court, which was granted.

Section 66.021(15), STATS., provides in full:

[2] The court of appeals explained that *Town of Sheboygan* was wrongly decided for two reasons. First, the court of appeals noted that this court had previously held that sec. 66.021(15), STATS., was clear and unambiguous on its face. *See Town of Blooming Grove v. City of Madison,* 70 Wis. 2d 770, 773, 235 N.W.2d 493, 495 (1975) (Both parties recognize, however, that *Town of Blooming Grove* is not exactly on point in the present case because that case did not specifically deal with the last sentence of sec. 66.021(15); rather, it considered whether references in the statutes to "*an* ordinance" and "*the* ordinance" were singular.). Second, the court of appeals stated that *Town of Sheboygan* inappropriately relied on the alternative plain meaning rule, which permits a court to void a legislative enactment if the court concludes that following the statute leads to an

ANNEXATION OF TOWN ISLANDS. Upon its own motion, a city or village by a two-thirds vote of the entire membership of its governing body may enact an ordinance annexing territory which comprises a portion of a town or towns and which was completely surrounded by territory of the city or village on December 2, 1973. The ordinance shall include all surrounded town areas except those exempt by mutual agreement of all of the governing bodies involved. The annexation ordinance shall contain a description of the territory sufficiently accurate to determine its location, and the name of the town or towns from which such territory is detached. Upon enactment of the ordinance, the city or village clerk immediately shall file 5 certified copies of the ordinance in the office of the secretary of state, together with 5 copies of a scale map showing the boundaries of the territory annexed. The secretary of state shall forward 2 copies of the ordinance and scale map to the department of transportation, one copy to the department of revenue and one copy to the department of administration. This subsection does not apply if the town island was created only by the annexation of a railroad right-of-way or drainage ditch. This subsection does not apply to land owned by a town government which has existing town government buildings located thereon. No town island may be annexed under this subsection if the island consists of over 65 acres or contains over 100 residents. *After December 2, 1973, no city or village may, by annexation, create a town area which is completely surrounded by the city or village.*

As noted above, it is the last sentence of sec. 66.021(15) that is at issue in the present case.

unreasonable result. *See Wagner Mobil, Inc. v. City of Madison*, No. 93–0193, unpublished slip op. at 4 n.1 (Feb. 17, 1994).

Resolution of this case involves a question of statutory interpretation. Statutory interpretation and an application of the statute in question to a given set of facts are questions of law that this court reviews *de novo. Braatz v. LIRC,* 174 Wis. 2d 286, 293, 496 N.W.2d 597, 600 (1993); *State of Wisconsin ex rel. Town of Delavan v. Circuit Court for Walworth County,* 167 Wis. 2d 719, 723, 482 N.W.2d 899, 900–01 (1992). This court recently set out the statutory interpretation process:

> The aim of all statutory interpretation is to discern the intent of the legislature. In ascertaining a statute's meaning, our first inquiry is to the plain language of the statute. If the language of the statute clearly and unambiguously sets forth the legislative intent, it is the duty of the court to apply that intent to the case at hand and not look beyond the statutory language to ascertain its meaning.

*Doe v. American Nat. Red Cross,* 176 Wis. 2d 610, 616, 500 N.W.2d 264, 266 (1993) (citation omitted). Further, the general rule in interpreting Wisconsin laws is that: "All words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning." *See* sec. 990.01(1), STATS.

In the present case, Madison argues that sec. 66.021(15), STATS., is plain and unambiguous. Specifically, Madison asserts that the last sentence in sec. 66.021(15) clearly and unequivocally mandates that a city or village may not annex land so that a town area is completely surrounded by the annexing city or village. Blooming Grove, on the other hand, relying extensively on *Town of Sheboygan,* claims that the last sentence of sec. 66.021(15) is ambiguous and, therefore, resort to

extrinsic aids is necessary in interpreting the statute. *See, e.g., Bartus v. DHSS,* 176 Wis. 2d 1063, 1074, 501 N.W.2d 419, 425 (1993) (where statute is found to be ambiguous, it is the duty of the court to look beyond the statutory language to determine legislative intent). In *Town of Sheboygan,* the court of appeals concluded that the last sentence in sec. 66.021(15) "is ambiguous; the language does not consider town islands created, in part, because of natural or man-made barriers." *Town of Sheboygan,* 168 Wis. 2d at 274, 483 N.W.2d at 308.

A statute, or portion thereof, will be found to be ambiguous when it is capable of being understood by reasonably well-informed persons in either of two or more senses. *Cynthia E. v. La Crosse County Human Services Department,* 172 Wis. 2d 218, 225, 493 N.W.2d 56, 59 (1992). In considering the question of ambiguity, however, it is obvious that parties may disagree as to the meaning of a given statute. "This alone cannot be controlling. The court should look to the language of the statute itself to determine if 'well-informed persons' *should have* become confused." *National Amusement Co. v. Department of Revenue,* 41 Wis. 2d 261, 267, 163 N.W.2d 625, 628 (1969) (emphasis in original). Only when the statutory language is found to be ambiguous will this court examine the scope, history, context, subject matter and object of the statute in discerning the intent of the legislature. *Cynthia E.,* 172 Wis. 2d at 225, 493 N.W.2d at 59.

Our review of the statutory provision at issue leads us to conclude that the statute's words clearly and unambiguously declare the legislature's intent—namely, that a city or a village may not annex land such that a town area is completely surrounded by

the annexing city or village. We further conclude that the phrase "completely surrounded" should be construed according to common and approved usage. This can be easily accomplished by considering the definition of the respective words in an established dictionary. *See State v. Gilbert,* 115 Wis. 2d 371, 377–78, 340 N.W.2d 511, 515 (1983) (where legislature chooses not to define words in a statutory section, resort may be made to a dictionary). WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 464 (1986) defines "completely" in terms of "being complete: fully, entirely." "Surround" is defined as "to cause to be encompassed, encircled, or enclosed with something." *Id.* at 2302. Thus, under generally accepted usage, when an object is "completely surrounded," that object is fully or entirely encircled or encompassed. With this in mind, a town island is created under sec. 66.021(15), STATS., only when a portion of the town is entirely encircled by the corporate boundaries of the annexing city or village.

Our conclusion on this issue is at odds with the court of appeals' decision in *Town of Sheboygan.* There, the court of appeals held that the relevant portion of sec. 66.021(15), STATS., was ambiguous "because of the operation of the statute to specific facts." *Town of Sheboygan,* 168 Wis. 2d at 274, 483 N.W.2d at 308. The court rejected "a literal reading" of the statute in favor of a broader interpretation that it considered reasonable. Specifically, the court disallowed an annexation of a town area where one border was a natural barrier—a large body of water, Lake Michigan. The court explained that "[t]he city would have us ignore lakes, rivers, county lines, state lines, etc., and confine the town island prohibition to the limited situation of an annexing city completely enveloping a portion of the

town." *Id.* at 276, 483 N.W.2d at 309. Thus, the court believed that the statute should be interpreted broadly to prohibit the creation of any functional town island without considering whether the annexing entity actually and completely surrounded the area to be annexed. While we recognize the superficial appealability of this argument, nonetheless, the clear wording of the statute does not allow such a construction.[3]

Had the legislature desired the effect that the court of appeals intimates in *Town of Sheboygan,* it certainly could have drafted the statute as such. It did not, however, and it is not the function of this court to usurp the role of the legislature.[4] In sum, we conclude

---

[3] If we were to adopt the court of appeals' reading of sec. 66.021(15), STATS., we would necessarily be setting up a "slippery slope." On its face the result in *Town of Sheboygan* seems relatively innocuous—Lake Michigan is clearly a barrier that most would think of as stalwart; so too Lake Winnebago or the Mississippi River. But what about Lake Mendota or Pewaukee Lake? What about an area designated as a wetland by the DNR? The slope gets even more slippery when one considers man-made barriers such as highways and roads. This line drawing might be appropriate had the legislature utilized words intending to convey that courts entertain a balancing approach when applying the statute to various sets of facts. However, it did not do so, and any "tinkering" with the statute is more appropriately undertaken by the legislative branch.

[4] Wisconsin courts have long recognized the separation of the legislative and judicial powers as mandated by the Wisconsin Constitution. *See, e.g., State ex rel. Badtke v. School Board of Joint Common School District No. 1, City of Ripon,* 1 Wis. 2d 208, 213, 83 N.W.2d 724, 727 (1957) ("If . . . the legislature meant something other than it said, the remedy is not in the courts which can deal only with the legislative mandate as that body gave it. Modifications of the statute . . . must be obtained

that the court of appeals was in error when it substituted "functional town island" for the phrase "a town area completely surrounded by the [annexing] city or village." We therefore overrule *Town of Sheboygan.* We also overrule *Town of Hallie v. City of Eau Claire,* 176 Wis. 2d 391, 501 N.W.2d 49 (Ct. App. 1993), a case relying on *Town of Sheboygan* for its result.[5]

Applying the statute to the facts at hand reveals that Madison did not completely surround the town area in question when it exercised its annexing power in the Yahara Hills annexation. On the contrary, the undisputed facts reveal that Madison only bounds the annexed town area on two sides. Two different towns and a village also bound the town area. This is simply not a situation where the annexed town area is "completely surrounded by the [annexing] city or village." As such, the court of appeals' decision that sec. 66.021(15), STATS., was violated by the Yahara Hills annexation must be reversed.

through legislative, not judicial action."); *State ex rel. McCarty v. Gantter,* 240 Wis. 548, 555, 4 N.W.2d 153, 157 (1942); ("It is beyond the power of the court to legislate . . . ."); *In re G. & L.P. v. Racine County,* 119 Wis. 2d 349, 355, 349 N.W.2d 743, 745–46 (Ct. App. 1984) (court's function does not include the rewriting of a statute, nor does it include adding language or exceptions to a statute).

[5] In *Town of Hallie,* the court of appeals utilized the rationale of *Town of Sheboygan* to extend sec. 66.021(15), STATS., to prohibit an annexing entity from creating a "functional town island" with one of the boundaries being a man-made barrier, a no-access highway. The court explained: "The same factors [as in *Town of Sheboygan*] are at work. A portion of the town is, for all practical purposes, cut off from the remainder of the town for direct services." *Town of Hallie,* 176 Wis. 2d at 398, 501 N.W.2d at 51.

*By the Court.*—The decision of the court of appeals is reversed.