INTERNATIONAL PAPER COMPANY and others, Respondents, v. CITY OF FOND DU LAC, Appellant.*

*No. 100. Argued March 2, 1971.—Decided March 30, 1971.*
(Also reported in 184 N. W. 2d 834.)

* Motion for rehearing denied, with costs, on June 2, 1971.

530

For the appellant there was a brief and oral argument by *Henry B. Buslee,* city attorney.

For the respondents there was a brief by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Richard C. Ninneman* of counsel, all of Milwaukee, for the International Paper Company; and by *Edgarton & Hobbs,* attorneys, and *Thomas L. Massey* of counsel, all of Fond du Lac, for the Ralston-Purina Company; and by *St. Peter & Hauer,* attorneys, and *George M. St. Peter* of counsel, all of Fond du Lac, for the town of Fond du Lac and Town Sanitary District No. 1, and oral argument by *Mr. Ninneman, Mr. Massey,* and *Mr. Albert J. Hauer.*

HALLOWS, C. J.  The validity of the annexation turns on whether the ownership of public streets should be included or excluded in determining whether the petition is signed by the owners of one half of the land in the area.

The property sought to be annexed is situated generally along the southwestern boundary of the city of Fond du Lac and is composed of 91.091 acres, of which 5.687 acres constitute streets.  Of these streets, the city owns 1.875 acres and the nonsigners 3.812 acres.  During the trial, computations were made, both including and excluding the streets in the aggregate figures.  When the streets are excluded from consideration, the city owns 43.166 acres and the nonsigners 42.238 acres; but when the streets are included the city of Fond du Lac is not the owner of one half the land in area.  While this case

was pending in the trial court, this court decided *Town of Menasha v. City of Menasha* (1969), 42 Wis. 2d 719, 168 N. W. 2d 161, and on the basis of that case the trial court adopted the view the public streets should be included.

In the *Town of Menasha Case* we relied on *Town of Madison v. City of Madison* (1960), 12 Wis. 2d 100, 106 N. W. 2d 264, wherein we stated sec. 66.021 (1) (a), Stats., defining who may be an owner to sign a petition for annexation, did not limit or exclude a municipality. In that case the municipality's ownership was of usable acreage and not of public highways or rights therein. Without observing this distinction in the *Town of Menasha Case,* we stated a municipality, which was the owner of highway land, could qualify as an owner under this section.

*Town of Menasha* distinguished *Denver v. Holmes* (1965), 156 Colo. 586, 590, 400 Pac. 2d 901, which held a municipality which owned highways in the proposed annexation area was not a landowner for that purpose. In reaching its conclusion, the Colorado court stated it was not reasonable to assume or hold the legislature intended to impose an additional burden or requirement upon the landowners desiring annexation by requiring them to overcome in their petition the area which constituted public streets, alleys, and roads in the territory sought to be annexed.

While our statute seems broader than that involved in the *Denver Case,* we think our holding in *Town of Menasha* went too far in allowing a municipality to qualify as an owner under sec. 66.021, Stats., in respect to its ownership in streets, alleys, and roads. While the legislature intended a municipality should be counted as an owner like a private owner of land, the ownership of public streets and alleys stands in a different category in respect to annexation. A municipality may own a street in fee simple or it may have only a right of way

or an easement for the benefit of the public. In the former case the abutting owner has no greater right to the highway than the public; while in the latter case it is often said he owns to the middle of the road and if the road is vacated the land will revert to him. But this interest is not sufficient to qualify him as an owner.

Under sec. 66.021 (2) (a) 2 b, Stats., an alternative test for qualifying owners for annexation provides for the owner of one half of the real estate in assessed value. Under this test, public highways and easements do not have any assessed value when owned by a municipality and cannot be counted. While it can be argued because this test by operation excludes roads the implication is highways may be counted under the other alternative, we do not think such a result logically follows. We consider the legislature did not intend to place the burden on the ownership of usable land to compete with public streets and highways whether the highways and streets are used for or against the annexation. Consequently, we hold the area constituting public streets and alleys are not to be taken into account in determining the sufficiency of a petition for annexation, no matter how owned. Much litigation and problems will be avoided in these cases by the exclusion of the ownership of roads and public highways in determining the validity of the petition.

Since the city of Fond du Lac owns over one half of the acreage which may be counted for annexation purposes, it follows the trial court must be reversed and the ordinance declared valid.

*By the Court.*—Judgment reversed, and the city of Fond du Lac's annexation ordinance 705 is hereby declared valid.