No. 2--05--0794

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

WEST SUBURBAN BANK, as Trustee
under Trust Agreements Nos. 6996, 2805,
and 8037,

Plaintiff-Appellant,

v.

THE CITY OF WEST CHICAGO,

Defendant-Appellee.

Appeal from the Circuit Court
of Du Page County.

No. 04--MR--67

Honorable
Bonnie M. Wheaton,
Judge, Presiding.

JUSTICE BOWMAN delivered the opinion of the court

In this case, plaintiff, West Suburban Bank, contests the involuntary annexation of six parcels of land

under section 7--1--13 of the Illinois Municipal Code Code 65 ILCS 5 7--1--13 West

2002 . On appeal, plaintiff maintains that defendant, the City of West Chicago, failed to comply with

section 7--1--13, because the property annexed 1 exceeded the 60-acre statutory limitation and 2 was

not wholly bounded. We affirm.

I. BACKGROUND

On November 3, 2003, defendant adopted ordinance No. 03--0--0105 West Chicago Municipal Code §03--0--0105 eff. November 3, 2003 pursuant to section 7--1--13 of the Code, which allows a municipality to forcibly annex property by the passing of an ordinance. The ordinance annexed eight parcels of land together with all adjacent streets and highways contiguous to said property 65 ILCS 5 7--1--13 West 2002 . Plaintiff owns six of the eight parcels parcels 1, 3, 4, 5, 6, and 8 parcel 2 is owned by Du Page County and parcel 7 is owned by Glenview State Bank as trustee see attached diagram .[1] Pursuant to the ordinance, the property annexed is less than 60 acres and is bounded by defendant, a creek, and property owned by the Du Page County Forest Preserve District. Exhibit A, attached to the ordinance, contains legal descriptions of the eight parcels and also states that the property annexed includes all that part of State Route 64 also known as North Avenue lying north of, and adjoining, and above described parcels 1, 5, 6, and 7 Route 64 West Chicago Municipal Code §03--0--0105 eff. November 3, 2003 . The plat of annexation recorded with the ordinance states that the total annexed area is 62.75 acres more or less.

Plaintiff objected to the annexation of its property, and on January 20, 2004, it filed a two-count complaint. Count I sought to disconnect the annexed property under section 7--3--6 of the Code 65 ILCS 5 7--3--6 West 2002 , and count II sought quo warranto relief 735 ILCS 5 18--101 et seq. West 2002 , which is the proper remedy for testing the legality of the proceedings by which territory has been annexed to a municipality. See Village of Mundelein v. Village of Long Grove, 219 Ill. App. 3d 853, 867 1991 . In count II, plaintiff alleged that the property annexed was not wholly bounded by one or more municipalities as required by section 7--1--13, because parcel 2 was owned by a

---

[1]Du Page County and Glenview State Bank are not parties to this appeal.

county rather than a municipality. In addition, plaintiff alleged that the property annexed exceeded the 60-acre limit under section 7--1--13. Defendant moved to dismiss plaintiff's complaint, arguing that (1) parcel 2 was within the territory annexed (and thus wholly bounded); (2) county ownership did not prohibit parcel 2's annexation; (3) the property annexed satisfied the boundary conditions set forth in section 7--1--13(e), which requires that the property annexed be "wholly bounded" by "one or more municipalities and a forest preserve district" (65 ILCS 5/7--1--13(e) (West 2002)); (4) Route 64 was annexed by operation of law under section 7--1--1 of the Code (65 ILCS 5/7--1--1 (West 2002)), because it borders the property annexed; and (5) excluding Route 64 from the calculation, the property annexed is under the 60-acre limit. The trial court denied defendant's motion to dismiss.

Plaintiff then moved for summary judgment on count II of its complaint, arguing that the property annexed exceeded the 60-acre limit and was not "wholly bounded." Defendant filed a response to plaintiff's motion for summary judgment, arguing that the annexed property was approximately 57.14 acres and therefore under the 60-acre limit. According to defendant, the excess acreage consisted of Route 64, which is excluded from the 60-acre calculation under section 7--1--1. Defendant also argued that it was irrelevant that parcel 2 was owned by a county rather than a municipality. Because parcel 2 was "within the annexed territory," defendant argued that the property annexed was "wholly bounded" within the meaning of section 7--1--13.

On June 29, 2005, plaintiff filed a reply in support of its summary judgment motion. Plaintiff maintained that in a quo warranto proceeding challenging the validity of an annexation, the burden of proof is on the defendant to demonstrate compliance with the statute. In addition, plaintiff maintained that section 7--1--13 unambiguously limits involuntary annexations to 60 acres, and that strict compliance with the 60-acre limit did not allow defendant to exclude Route 64 from the calculation. Plaintiff also maintained that its six parcels

were not wholly bounded by one or more municipalities, because parcels 2 and 7 were unincorporated property at the time of annexation.

When the parties appeared in court on July 13, 2005, they agreed that no factual dispute existed and that the only issue was a question of law. Recognizing that defendant had not filed a motion for summary judgment, the court inquired whether both parties would agree to treating defendant's response to plaintiff's motion as a cross-motion for summary judgment. Both parties agreed to this characterization, and the court granted summary judgment in favor of defendant. In particular, the court ruled that Route 64 should not be included in the 60-acre calculation, which reduced the annexed property to approximately 57 acres. The court also found that, given the nature of the property, it was completely surrounded within the meaning of the statute. Plaintiff timely appealed.

## II. ANALYSIS

In an appeal from the grant of summary judgment, our review is de novo. Land v. Board of Education of the City of Chicago, 202 Ill. 2d 414, 421 (2002). The purpose of summary judgment is not to try a question of fact, but to determine whether a question of fact exists. Land, 202 Ill. 2d at 421. Summary judgment is proper where pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Land, 202 Ill. 2d at 421.

This case also presents questions of statutory interpretation, which we review de novo. Elementary School District 159 v. Schiller, 221 Ill. 2d 130, 142 (2006). The fundamental rule of statutory interpretation is to ascertain and effectuate the intent of the legislature. Elementary School District 159, 221 Ill. 2d at 144. The plain language of a statute remains the best indication of the legislature's intent. Elementary School District 159, 221 Ill. 2d at 144. It is never proper for a court to depart from the

plain language by reading into the statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent. Village of Chatham v. County of Sangamon, 216 Ill. 2d 402, 429 2005 . When the statutory language is clear, it must be given effect without resort to other aids of interpretation. Village of Chatham, 216 Ill. 2d at 429.

Furthermore, one of the fundamental principles of statutory construction is to view all of the provisions of a statute as a whole. Land, 202 Ill. 2d at 422. Each section should be construed with every other part or section of the same statute to produce a harmonious whole. Land, 202 Ill. 2d at 422 see also Abrahamson v. Illinois Department of Professional Regulation, 153 Ill. 2d 76, 91 1992 a statute must be evaluated as a whole, and each provision should be construed in connection with every other section . Accordingly, words and phrases should not be construed in isolation, but interpreted in light of other relevant portions of the statute so that, if possible, no term is rendered superfluous or meaningless. Land, 202 Ill. 2d at 422.

### A. 60-Acre Requirement

Plaintiff s first contention is that the trial court erred by granting summary judgment in favor of defendant when the plat of annexation exceeded the 60-acre limit by showing 62.75 acres of annexed property. The parties agree that the total acreage of the eight parcels, excluding Route 64, is under 60 acres approximately 57 acres . However, including Route 64 in the calculation increases the total acreage to 62.75 acres. According to plaintiff, it was error to exclude Route 64 from the 60-acre calculation under section 7--1--13. Defendant responds that section 7--1--1 requires municipalities to annex to the far side of adjacent highways, that the excess acreage consists exclusively of Route 64, and that this additional acreage is not to be included in the 60-acre calculation under section 7--1--13. The issue, whether a highway annexed by operation of law under section 7--1--1 should be included in the 60-acre calculation under

section 7--1--13, is one of first impression. We begin our analysis by setting forth the relevant statutes.

Section 7--1--1 of the Code provides, in pertinent part

> Any territory that is not within the corporate limits of any municipality but is contiguous to a municipality may be annexed to the municipality as provided in this Article.

> The new boundary shall extend to the far side of _any_ adjacent highway and shall include all of every highway within the area annexed. These highways shall be considered to be annexed even though not included in the legal description set forth in the petition for annexation. Emphasis added. 65 ILCS 5 7--1--1 West 2002 .

The legislature has amended section 7--1--1 to provide

> If any municipality has annexed any area before October 1, 1975, and the legal description in the petition for annexation did not include the entire adjacent highway, any such annexation shall be valid and any highway adjacent to the area annexed shall be considered to be annexed notwithstanding the failure of the petition to annex to include the description of the entire adjacent highway. 65 ILCS 5 7--1--1 West 2002 .

This amendment essentially made retroactive the statutory requirement that the adjacent highway is considered annexed even though not included in the legal description of the petition for annexation. People ex rel. Village of Vernon Hills v. Village of Lincolnshire, 283 Ill. App. 3d 266, 270 1996 .

Section 7--1--13, entitled Surrounded or nearly surrounded territory under 60 acres, states, in relevant part

> Whenever any unincorporated territory containing 60 acres or less, is wholly bounded by a one or more municipalities, d one or more municipalities and property owned by the State of

Illinois, except highway right-of-way owned in fee by the State, e one or more municipalities and a forest preserve district, that territory may be annexed by any municipality by which it is bounded in whole or in part, by the passage of an ordinance to that effect after notice is given as provided in this Section. 65 ILCS 5 7--1--13 West 2002 .

It is clear that section 7--1--13 limits forcible annexations to territory containing 60 acres or less. Village of Mundelein, 219 Ill. App. 3d at 865. It is also equally clear that, in this case, section 7--1--1 mandated the annexation of Route 64. See People ex rel. Freeport Fire Protection District v. City of Freeport, 58 Ill. App. 3d 314, 322 1978 section 7--1--1 mandates the annexation of a highway adjoining any properly annexed territory . Because Route 64 was annexed by operation of law under section 7--1--1, we believe that the trial court properly excluded Route 64 from the 60-acre calculation under section 7--1--13.

This conclusion honors the intent of section 7--1--1. As defendant points out, the purpose of requiring the annexation of an adjacent highway to the far side of the highway is to prevent any question regarding jurisdiction, maintenance, financing, and traffic control once the annexation has taken place. In re Annexation of Approximately 280 Acres of Land to the City of Decatur, 245 Ill. App. 3d 770, 774 1993 see also In re Petition for Annexation of Certain Property to the Village of Plainfield, 267 Ill. App. 3d 313, 323 1994 the purpose of requiring the annexation to include the far side of the roadways involved is to prevent questions about which government entity has the responsibility for maintaining the roads . This provision is obviously aimed at preventing a gap or hiatus whereby a portion of a highway adjacent to the annexed territory, which is a necessary and integral part of the annexed territory, would be isolated, creating problems as to traffic control, financing, maintenance, etc. Freeport Fire Protection District, 58 Ill. App. 3d at 317.

Decatur and Plainfield are instructive, as they addressed whether owners of fee interest underlying annexed roads were to be counted as owners of record for purposes of annexation. In Decatur, the objectors to the annexation were owners of fee interest underlying the far half of a township road that bordered the territory to be annexed. Decatur, 245 Ill. App. 3d at 773-74. The court stated that it was satisfied that the legislature did not intend that interests such as those of the objectors should be factors in determining whether land be annexed to a municipality. Decatur, 245 Ill. App. 3d at 774. According to the court, the whole tenor of the legislation requiring annexation of the far half of adjacent highways negated any intention that the owners of the underlying fee were entitled to be factors in determining whether annexation occurred. Decatur, 245 Ill. App. 3d at 774. Relying on Decatur s reasoning, the Plainfield court stated that the purpose of requiring the annexation to include the far side of the roadways involved was to prevent questions about which government entity had the responsibility for maintaining the roads. This purpose did not otherwise affect the interest of the owners of fee title, so they could not be counted as owners of record. Plainfield, 267 Ill. App. 3d at 323. If Decatur and Plainfield hold that the interests of actual fee title owners of highways are not to be considered for purposes of annexation, it is difficult to discern why plaintiff, which has no ownership interest in Route 64, should be permitted to defeat an annexation by including Route 64 in section 7--1--13 s 60-acre calculation.

Plaintiff also contends that the plain, unambiguous language of section 7--1--13 calls for strict enforcement of the 60-acre limit, without consideration of the type of property involved. Essentially, plaintiff contends that it is improper to read into section 7--1--13 an exception for highway acreage that is not expressed. However, as we have stated, we must construe each provision in connection with every other section. Given the intent of section 7--1--1, which mandated annexation of Route 64 by operation of law

for the sake of convenience, efficiency, and future growth Freeport Fire Protection District, 58 Ill. App. 3d at 322 , we do not think plaintiff should be able to use Route 64 to defeat an otherwise valid annexation simply because that highway borders its property. In other words, plaintiff should not be able to use the 60-acre cap to defeat an annexation simply because its property is adjacent to a highway that was annexed by operation of law under section 7--1--1.

In addition, plaintiff s reliance on People ex rel. Chicago Title  Trust Co. v. City of Des Plaines, 76 Ill. App. 2d 243  1966 , is misplaced. In Chicago Title  Trust Co., the court considered whether a municipality could properly annex a railroad right-of-way under section 7--1--13. That case is distinguishable, however, as it involved a privately owned railroad right-of-way, belonging to the Chicago and Northwestern Railway. Chicago Title  Trust Co., 76 Ill. App. 2d at 247. In that case, the court noted that section 7--1--13 refers to  any incorporated territory,  without setting aside any particular type of property for special treatment. Chicago Title  Trust Co., 76 Ill. App. 2d at 247. Because the remaining sections of the Code failed to make any allusion to railroad lands as distinguished from other types of property, the court concluded that it was not the legislature s intent to exempt railroad rights-of-way in general from the annexation laws. Chicago Title  Trust Co., 76 Ill. App. 2d at 247. In contrast, section 7--1--1 provides specific treatment for the annexation of highways adjacent to the area annexed. Because Chicago Title  Trust Co. involved a private railroad right-of-way as opposed to a public highway annexed by operation of law under section 7--1--1, it does not control the outcome here.

While both parties agree that there is no Illinois case on point, defendant cites various cases from other jurisdictions, the most persuasive of which is International Paper Co. v. City of Fond Du Lac, 50 Wis. 2d 529, 533, 184 N.W.2d 834, 836  1971 . There, an ordinance was adopted pursuant to a statute that allows annexation by a petition signed by the owners of one-half of the land proposed for

annexation. International Paper Co., 50 Wis. 2d at 531, 184 N.W.2d at 835. The city was the only signer of the petition for annexation because it apparently owned one-half of the land. International Paper Co., 50 Wis. 2d at 531, 184 N.W.2d at 835. However, if the public streets and highways were included for the purpose of determining ownership, then the City was not the owner of one-half of the land. International Paper Co., 50 Wis. 2d at 531, 184 N.W.2d at 835. On the basis that the public streets should be included, the trial court found the ordinance invalid. International Paper Co., 50 Wis. 2d at 532, 184 N.W.2d at 835. The Wisconsin Supreme Court reversed the trial court, noting that the ownership of public streets and alleys stands in a different category with respect to annexation. International Paper Co., 50 Wis. 2d at 533, 184 N.W.2d at 836. According to the court

Much litigation and problems will be avoided in these cases by the exclusion of the ownership of roads and public highways in determining the validity of the petition. Emphasis added. International Paper Co., 50 Wis. 2d at 533, 184 N.W.2d at 836. Because the public highways and streets were not to be taken into account in determining the ownership of one-half of the land, the ordinance was valid. International Paper Co., 50 Wis. 2d at 533, 184 N.W.2d at 836.

In line with the reasoning in International Paper Co., we conclude that Route 64 should be excluded from the 60-acre calculation. As stated, section 7--1--1 states that t he new boundary shall extend to the far side of any adjacent highway. Emphasis added. 65 ILCS 5 7--1--1 West 2002 . Because Route 64 is adjacent to the property annexed, section 7--1--1 mandated the annexation of Route 64 to the far side of the highway. Given that Route 64 was annexed by operation of law under section 7--1--1, the trial court properly excluded that highway from the 60-acre calculation under section 7--1--13.

### B. Wholly Bounded Requirement

Plaintiff also contends that its six parcels were not wholly bounded as required under section 7--1--

13. As plaintiff points out, section 7--1--13 requires that the unincorporated property be wholly bounded by one or more municipalities. See Village of Mundelein, 219 Ill. App. 3d at 860 territory sought to be annexed under section 7--1--13 must be bounded on all sides as called for by the statute, and any ordinance annexing territory not so bounded is a nullity and of no legal effect . According to plaintiff, its six parcels were not wholly bounded by municipal property, because parcels 2 and 7 were owned by Du Page County and Glenview State Bank as trustee, respectively, and thus were not municipal property.

Plaintiff s argument misses the mark. As defendant points out, plaintiff s argument that its property was not wholly bounded makes little sense when parcels 2 and 7 were simultaneously annexed with plaintiff s property and therefore within the territory annexed. We know of no authority, and plaintiff cites none, allowing a plaintiff to isolate or separate its property from the other property annexed in order to contest the wholly bounded requirement. In this case, defendant forcibly annexed plaintiff s property under section 7--1--13 e , which allows annexation of territory wholly bounded by one or more municipalities and a forest preserve district. 65 ILCS 5 7--1--13 e West 2002 . As shown in the plat of annexation, the territory annexed is bounded on the west by defendant incorporated areas of West Chicago except for a small portion of forest preserve fronting the west side of Prince Crossing Road , and bounded on the north, east, and south by a forest preserve. In addition, there is nothing in section 7--1--13 that prohibits annexation of parcels under different ownership, and municipalities can validly annex properties owned by other governmental entities. See Flynn v. Stevenson, 4 Ill. App. 3d 458, 460 1972 a municipality can validly annex a federal enclave .

In a related argument, plaintiff also claims that Route 64 does not constitute a legally sufficient boundary under section 7--1--13 d , which allows annexation of territory wholly bounded by one or more municipalities and property owned by the State of Illinois, except highway right-of-way owned in fee by the

State. 65 ILCS 5 7--1--13 d West 2002 . Again, plaintiff s argument misses the mark. The fact that section 7--1--1 mandated the annexation of Route 64, and that the new boundary extends to the far side of Route 64, does not mean that the property annexed is bounded by Route 64. Rather, under section 7--1--1, Route 64 becomes the new boundary and the relevant question is whether Route 64 is bounded by one or more municipalities or a forest preserve district. As plaintiff concedes, forest preserve property lies north of the north line of Route 64. Accordingly, the property annexed, which includes Route 64, is wholly bounded under section 7--1--13 e of the Code.

As a final matter, plaintiff argues that it was error for the court to treat defendant s response to its motion for summary judgment as a cross-motion for summary judgment. We note that both parties agreed that no factual dispute remained and that the matter simply presented a question of law. In addition, plaintiff specifically agreed to the trial court s decision to treat defendant s response to plaintiff s motion as a cross-motion for summary judgment. Furthermore, when a court denies one party s motion for summary judgment, it is authorized to enter summary judgment in favor of the other party, even though that party does not have a pending motion for summary judgment. See Magnus v. Lutheran General Health Care System, 235 Ill. App. 3d 173, 184-85 1992 . Therefore, we affirm the trial court s decision to grant summary judgment in favor of defendant.

## III. CONCLUSION

For the above reasons, the judgment of the Du Page County circuit court is affirmed.

Affirmed.

McLAREN and BYRNE, JJ., concur.

