No. 2--07--1219        Filed: 8-18-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DAVID BOWERS, BRIDGET BOWERS, BETSY EASTON, JAMES EASTON, GORDON EGGERS, GEORGANNE EGGERS, KATHLEEN ROBISON, and SHIN KATSUMATA, | ) ) ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiffs-Appellants, | ) ) ) | |
| v. | ) ) | No. 07--MR--457 |
| THE CITY OF ROCKFORD, SUSAN GORAL, in Her Official Capacity as Treasurer of Winnebago County, BEVERLY J. CAMPION, in Her Official Capacity as Supervisor of Assessments of Winnebago County, MARGIE M. MULLINS, in Her Official Capacity as Clerk of Winnebago County, and KENNETH M. STAFF, in His Official Capacity as Recorder of Winnebago County, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Edward J. Prochaska, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

In this case, plaintiffs, David Bowers, Bridget Bowers, Betsy Easton, James Easton, Gordon Eggers, Georganne Eggers, Kathleen Robison, and Shin Katsumata, challenge the validity of an ordinance adopted by defendants, the City of Rockford, Susan Goral, Beverly J. Campion, Margie M. Mullins, and Kenneth M. Staff (collectively the City of Rockford), which

sought to forcibly annex their property. The sole issue in this case is whether the 60-acre statutory limitation in section 7--1--13 of the Illinois Municipal Code (Code) (65 ILCS 5/7--1--13 (West 2006)) includes interior highways. After the parties filed cross-motions for summary judgment, the trial court held that the 60-acre calculation did not include highway acreage, and it granted summary judgment in favor of the City of Rockford. Plaintiffs appeal the grant of summary judgment, arguing that the case relied upon by the trial court, West Suburban Bank v. City of West Chicago, 366 Ill. App. 3d 1137 (2006), is not controlling. We disagree and therefore affirm.

## I. BACKGROUND

On August 27, 2007, the City of Rockford adopted ordinance No. 2007--176--0 pursuant to section 7--1--13 of the Code (65 ILCS 5/7--1--13 (West 2006)), which allows a municipality to forcibly annex property by passing an ordinance. The property sought to be annexed consists of two residential subdivisions, Bradley Heights and Larchmont. The subdivisions, which are located in unincorporated Winnebago County, are wholly bounded by the corporate limits of the City of Rockford and contain over 90 single-family homes. According to the ordinance, "the territory hereinafter described is 60 acres or less in size (excluding adjacent highways and every highway within the area annexed)." (Emphasis added.) Rockford, Ill., Ordinance No. 2007--176--0 (eff. August 27, 2007). Notice of the intent to annex was published in accordance with the statute, and it stated that the "Annex Area" was 66.04 acres and that the "Property Area" was 56.2 acres. The parties agree that the 66.04-acre calculation includes highways and that the 56.2-acre calculation does not.

Plaintiffs objected to the annexation of their property, and on August 27, 2007, they filed a complaint for preliminary and permanent injunctive relief, a declaratory judgment, and,

alternatively, disconnection. Alongside the complaint, plaintiffs filed an emergency motion for a temporary restraining order. The City of Rockford responded by moving to dismiss plaintiffs' complaint. At a hearing on the motions, the parties entered into an agreed order whereby the City of Rockford would take no action to record or effectuate the ordinance until a hearing was held on the preliminary injunction.

Plaintiffs then sought leave to file an amended complaint that added a count seeking quo warranto relief, which is the proper remedy for testing the legality of the proceedings by which a territory has been annexed to a municipality. See West Suburban Bank, 366 Ill. App. 3d at 1138. Plaintiffs' amended complaint alleged that the City of Rockford lacked authority to forcefully annex the property, because the property exceeded 60 acres when including the "interior subdivision roads." The trial court granted leave to file their amended complaint instanter and provided a briefing schedule for the parties' potentially dispositive motions.

The parties proceeded by filing cross-motions for summary judgment. The City of Rockford phrased the key issue as whether the highways within a territory, annexed by operation of law under section 7--1--1 of the Code, should be included in the 60-acre calculation under section 7--1--13 of the Code. Plaintiffs argued that interior highways must be included in the 60-acre calculation, whereas the City of Rockford argued the opposite. In arguing that interior highways should not be included, the City of Rockford relied on this court's decision in West Suburban Bank, which plaintiffs argued was distinguishable. The trial court granted summary judgment in favor of the City of Rockford, reasoning that, under section 7--1--1 of the Code and West Suburban Bank, the 60-acre calculation did not include interior highways. Plaintiffs timely appealed.

II. ANALYSIS

-3-

This case comes before us on a grant of summary judgment in favor of the City of Rockford. "Summary judgment is proper if, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Allegis Realty Investors v. Novak, 223 Ill. 2d 318, 330 (2006); see 735 ILCS 5/2--1005(c) (West 2006). We review the grant of summary judgment de novo. Allegis Realty Investors, 223 Ill. 2d at 330.

In addition, this case involves a question of statutory interpretation, which we also review de novo. Hadley v. Illinois Department of Corrections, 224 Ill. 2d 365, 370 (2007). As in all cases involving statutory interpretation, our duty is to ascertain and give effect to the intent of the legislature. Hadley, 224 Ill. 2d at 371. "The best evidence of the legislature's intent is the language of the statute, which must be given its plain and ordinary meaning." Hadley, 224 Ill. 2d at 371. Furthermore, a fundamental principle of statutory construction is to view all provisions of a statutory enactment as a whole. DeLuna v. Burciaga, 223 Ill. 2d 49, 60 (2006). Words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute. DeLuna, 223 Ill. 2d at 60.

As previously mentioned, the sole issue in this case is whether the 60-acre limit in section 7--1--13, which pertains to involuntary annexations, includes (or excludes) interior highways. Here, there is no dispute that, if interior highways in the property sought to be annexed are included in the calculation, the property acreage totals 66.04, which exceeds the 60-acre limit. Conversely, if interior highways are not included in the calculation, the property acreage totals 56.2, which is below the 60-acre limit.

We set forth the two relevant statutes in this case. First, section 7--1--1 of the Code provides:

"Any territory that is not within the corporate limits of any municipality but is contiguous to a municipality may be annexed to the municipality as provided in this Article. ***

* * *

The new boundary shall extend to the far side of any adjacent highway and <u>shall include all of every highway</u> within the area annexed. <u>These highways shall be considered to be annexed even though not included in the legal description set forth in the petition for annexation.</u>" (Emphasis added.) 65 ILCS 5/7--1--1 (West 2006).

Second, section 7--1--13, entitled "Surrounded or nearly surrounded territory under 60 acres," states, in relevant part:

"Whenever any unincorporated territory containing 60 acres or less, is wholly bounded by (a) one or more municipalities *** that territory may be annexed by any municipality by which it is bounded in whole or in part, by the passage of an ordinance to that effect after notice is given as provided in this Section." 65 ILCS 5/7--1--13 (West 2006).

Recently, we addressed the interplay between sections 7--1--1 and 7--1--13 in <u>West Suburban Bank</u>. In particular, we considered whether an <u>adjacent</u> highway that bordered the property annexed under section 7--1--13 should be excluded from the 60-acre calculation. Like in the case at bar, including the highway caused the property to exceed 60 acres, whereas excluding the highway reduced the property to under 60 acres. <u>West Suburban Bank</u>, 366 Ill. App. 3d at 1141. Also like in the case at bar, the trial court in <u>West Suburban Bank</u> concluded

that the adjacent highway should not be included in the 60-acre calculation, and it granted summary judgment in favor of the City of West Chicago. West Suburban Bank, 366 Ill. App. 3d at 1140.

We began our analysis in West Suburban Bank by noting that section 7--1--1 mandated the annexation of the adjacent highway. West Suburban Bank, 366 Ill. App. 3d at 1142. We stated that "the purpose of requiring the annexation of an adjacent highway to the far side of the highway is to prevent any question regarding jurisdiction, maintenance, financing, and traffic control once the annexation has taken place." West Suburban Bank, 366 Ill. App. 3d at 1142. Given the intent of section 7--1--1, which mandated annexation of the adjacent highway by operation of law for the sake of convenience, efficiency, and future growth, we held that the landowner should not be able to defeat an otherwise valid annexation simply because the highway bordered the landowner's property. West Suburban Bank, 366 Ill. App. 3d at 1143.

Because the issue was one of first impression, we looked to other jurisdictions for guidance and found a Wisconsin case, International Paper Co. v. City of Fond du Lac, 50 Wis. 2d 529, 184 N.W.2d 834 (1971), to be the most persuasive. In that case, the property sought to be annexed was approximately 91 acres, of which 5.6 acres constituted streets. International Paper Co., 50 Wis. 2d at 531, 184 N.W.2d at 835. The statute allowed annexation by a petition if it was signed by the owners of one-half of the land proposed for annexation. International Paper Co., 50 Wis. 2d at 530, 184 N.W.2d at 835. The city was the only signer of the petition for annexation because it owned one-half of the land, as long as public streets and highways were not counted for the purpose of determining ownership of one-half of the land. International Paper Co., 50 Wis. 2d at 530-31, 184 N.W.2d at 835. The Wisconsin Supreme Court stated that the validity of the annexation turned on whether the ownership of public streets should be

included or excluded with respect to ownership of one-half of the land. International Paper Co., 50 Wis. 2d at 531, 184 N.W.2d at 835. According to the court, much litigation and many problems would be avoided by the exclusion of the public highways in determining the validity of the petition. International Paper Co., 50 Wis. 2d at 533, 184 N.W.2d at 836. In upholding the ordinance, the court held that "the area constituting public streets and alleys was not to be taken into account in determining the sufficiency of a petition for annexation." (Emphasis added.) International Paper Co., 50 Wis. 2d at 533, 184 N.W.2d at 836.

The trial court in this case reasoned that the language in section 7--1--1 and our decision in West Suburban Bank resulted in the interior highways being excluded from the 60-acre calculation. Plaintiffs challenge this conclusion on appeal, arguing that the facts in West Suburban Bank are distinguishable from the case at bar. We consider each of plaintiffs' arguments in turn.

First, plaintiffs point out that West Suburban Bank dealt only with a highway adjacent to the annexed property, rather than highways within the annexed property. While this is true, the distinction between an adjacent highway and interior highways is a distinction without a difference for purposes of section 7--1--1. This is because the plain language in section 7--1--1 mandates the annexation of not only adjacent highways, as was the case in West Suburban Bank, but also "all of every highway within the area annexed." 65 ILCS 5/7--1--1 (West 2006). Section 7--1--1 clearly states that "[t]hese highways shall be considered to be annexed even though not included in the legal description set forth in the petition for annexation." (Emphasis added.) 65 ILCS 5/7--1--1 (West 2006). Moreover, the Wisconsin case we relied upon in West Suburban Bank, International Paper Co., involved interior streets rather than an adjacent highway. As the Wisconsin Supreme Court in International Paper Co. concluded, public streets

were not to be taken into account when determining the sufficiency of a petition for annexation. See International Paper Co., 50 Wis. 2d at 533, 184 N.W.2d at 836.

Second, plaintiffs argue that the adjacent highway in West Suburban Bank was an "afterthought" in terms of annexation, whereas all of the interior roadways in this case were required to be annexed in order to meet the "wholly bounded" requirement in section 7--1--13. Plaintiffs argue that, unlike in West Suburban Bank, where the ordinance did not require the inclusion of the adjacent highway in order to meet the statutory requirements of involuntary annexation, in this case all of the land and interior highways needed to be annexed "at once." Again, because section 7--1--1 mandates the annexation of all highways, regardless of whether they are located adjacent to the property or within the property, plaintiffs' argument that all of the highways in this case had to be annexed "at once" to maintain the "wholly bounded" requirement is a circular one at best. Under section 7--1--1, adjacent and interior highways are annexed by operation of law regardless of whether they are included in the legal description. Thus, the interior highways did not need to be included in the legal description set forth in the petition for annexation to satisfy the "wholly bounded" requirement, because all of the highways were annexed by operation of law. The bottom line is that both West Suburban Bank and this case address the same situation in which highways annexed by operation of law under section 7--1--1 increase the area annexed beyond the 60-acre limitation. The statute does not treat interior highways any differently than adjacent highways. Therefore, consistent with our decision in West Suburban Bank, which excluded adjacent highways, we hold here that the interior highways annexed by operation of law under section 7--1--1 were properly excluded from the 60-acre calculation.

Finally, plaintiffs contend that the concerns regarding jurisdiction, maintenance, and traffic control are not present when the situation involves interior highways, as opposed to adjacent highways. We disagree. As the City of Rockford points out, concerns regarding jurisdiction, maintenance, and traffic control are just as important for highways within a territory as they are for highways adjacent to a territory. Because plaintiffs offer no explanation why interior highways are immune from such concerns, we reject this argument as well.

### III. CONCLUSION

For the aforementioned reasons, we affirm the Winnebago County circuit court's summary judgment in favor of the City of Rockford.

Affirmed.

McLAREN and BURKE, JJ., concur.